CAMERON COUNTY, Appellant,

v.

Rebecca **CARRILLO**, Individually and as Personal Representative of the Estate of Francisca Sanchez and Guadalupe B. Sanchez, Appellee.

No. 13–99–185–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 4, 1999.

Eileen Leeds, Cesar A. Amador, Willette, Guerra & Trevino, for Appellant.

Humberto G. Garcia, Johnson, Curney, Garcia, Wise & Farmer, San Antonio, Michael Raphael Cowen, Livesay & Cowen, Brownsville, TX, Keith C. Livesay, Livesay & Cowen, Pharr, TX, for Appellee.

Before Justices DORSEY, HINOJOSA, and CHAVEZ.

## OPINION

DORSEY, Justice.

This is an appeal from a denial of summary judgment filed by Cameron County asserting that because its deputy sheriff was entitled to official immunity, it cannot be liable under the Texas Tort Claims Act. Rebecca Carrillo sued Cameron County for the death of Francisca Sanchez. Ms. Sanchez died when she slammed her car into the rear of a tractor trailer that had been stopped with other traffic by a deputy sheriff to remove a tire from the roadway. Carrillo claims the sheriff was negligent in the use of his motor vehicle and in his failure to place warning signs where traffic was momentarily stopped.

Carrillo did not sue the deputy, but only the County for the negligence of the deputy. On October 5, 1998, the County filed a motion for summary judgment alleging that it was protected from suit by sovereign immunity, in that the alleged activities as plead by the plaintiff were not covered by the Texas Tort Claims Act. The trial court denied this motion on November 23. The County filed a "renewed motion for summary judgment," this time asserting sovereign immunity because of the deputy's official immunity and other grounds. The trial court denied this mo-

tion on March 19, 1999. This denial is the subject of this appeal.

### JURISDICTION

Carrillo challenges this court's jurisdiction to hear this appeal on two bases. She first contends that this court has no discretion to extend the deadline for filing a notice of appeal and, because the County was late filing its notice of appeal, this court is without jurisdiction. She argues that an extension of time for filing a notice of appeal is not allowed for accelerated appeals. While we agree with the general rule that extensions of time are not available for accelerated appeals, because the record reveals that Cameron County's notice was timely filed, we do not reach that issue.

The trial court's order denying Cameron County's motion for summary judgment was signed on March 19. The County then had twenty days—or, until April 8, 1999—to file its notice of appeal. *See* Tex. R.App. P. 28.1 (stating that when an appeal from an interlocutory order is allowed, the appeal will be accelerated); Tex.R.App. P. 26.1(b) (notice of appeal in accelerated appeal must be filed within 20 days after order signed). The County timely filed its notice of appeal on April 8, 1999. Accordingly, we overrule Carrillo's first point.

■ Next, Carrillo argues that because this appeal is from the denial of the County's "renewed" motion for summary judgment, the appellate timetables actually began to run on October 5, when the trial court denied the County's original motion for summary judgment. Carrillo argues that the renewed motion for summary judgment is equivalent to a motion for rehearing, which is specifically prohibited from extending the deadline to file a notice of appeal in an accelerated appeal. *See* Tex.R.App. P. 28.1. We disagree to the extent that the County's renewed motion for summary judgment urged, for the first time, that the County was entitled to sovereign immunity derivative of the sheriff's deputy's official immunity.

The County's first motion for summary judgment is styled "Motion for Summary Judgment and Severance." In that motion, the County argued that sovereign immunity is not waived for suits alleging a failure of the government to initially place warning signs or a non-use of tangible property. *See* TEX. CIV. PRAC. & REM.CODE §§ 101.025, 101.021(2), 101.021(a) (Vernon 1997). The trial court denied that motion on November 23. On January 12, the County filed its "renewed" motion for summary judgment where it argued for the first time that the County's sovereign immunity is not waived because the deputy is entitled to official immunity. The trial court denied this motion on March 19. Texas Rule of Civil Procedure 166a does not limit the number of summary judgment motions a party may file. TEX.R. CIV. P. 166a; *De Los Santos v. Southwest Tex. Methodist Hosp.*, 802 S.W.2d 749, 756 (Tex.App.—San Antonio 1990, no writ), overruled on other grounds, *Lewis v. Blake*, 876 S.W.2d 314 (Tex.1994). We treat the County's "renewed" motion for summary judgment as a successive motion for summary judgment, and not a motion for rehearing, because it contains different grounds for summary judgment than did the earlier motion.

Further, interlocutory appeal is only available for an assertion of official immunity, and not the other issues advanced by the County in its renewed motion. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(5) (Vernon 1997); *City of Beverly Hills v. Guevara*, 904 S.W.2d 655, 656 (Tex.1995); *City of Houston v. Kilburn*, 849 S.W.2d 810, 812 (Tex.1993). Availability of interlocutory appeal has been held to extend to a governmental unit's claim of sovereign immunity when based on an individual's assertion of qualified immunity. *Guevara*, 904 S.W.2d at 656; *Kilburn*, 849 S.W.2d at 812. We hold that this court has jurisdiction to review the March 19 denial of summary judgment, but only to the extent that the denial of summary judgment was based on a finding that Deputy Delgado was not entitled to official immunity. *See Boozier v. Hambrick*, 846 S.W.2d 593, 596 (Tex.App.—Houston [1st Dist.] 1993, no writ). We dismiss any remaining issues for want of jurisdiction.

## ENTITLEMENT TO DERIVATIVE IMMUNITY

Relying on *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex.1995), Cameron County asserts that if a government employee is protected from tort liability by official immunity, the County retains its sovereign immunity. While both are types of governmental immunity, sovereign immunity and official immunity are two distinct doctrines aimed at serving different policies. Sovereign immunity is an affirmative defense which holds that the sovereign may not be sued unless it has granted its express consent to be sued. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994); *cf. Petta v. Rivera*, 985 S.W.2d 199, 204 (Tex.App.—Corpus Christi 1998, no pet.); *Gonzalez v. Heard, Goggan, Blair & Williams*, 923 S.W.2d 764, 766 (Tex.App.—Corpus Christi 1996, writ denied). On the other hand, official immunity is an affirmative defense that protects government employees from personal tort liability when performing their official duties. *Harris County v. Ochoa*, 881 S.W.2d 884, 888 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Vasquez v. Hernandez*, 844 S.W.2d 802, 804 (Tex.App.—San Antonio 1992, writ dism'd w.o.j.). Official immunity protects government employees from tort liability for their discretionary duties performed in good faith within the scope of their authority. *See Chambers*, 883 S.W.2d at 653 (Tex. 1994); *City of Pharr v. Ruiz*, 944 S.W.2d 709, 712 (Tex.App.—Corpus Christi 1997, no writ). Official immunity frees government officials to exercise their duties without fear of damage suits which would consume their time and energy and might appreciably inhibit their fearless, vigorous, and effective execution of their duties. *Tyrrell v. Mays*, 885 S.W.2d 495, 497 (Tex. App.—El Paso 1994, writ dism'd w.o.j.) (citing *Armendarez v. Tarrant County Hosp. Dist.*, 781 S.W.2d 301, 305 (Tex. App.—Fort Worth 1989, writ denied)).

■ The Texas Tort Claims Act (the "Act") provides waiver of sovereign immunity—*i.e.*, consent to sue the sovereign—"to the extent liability is created" by the Act. TEX. CIV. PRAC. & REM.CODE § 101.025 (Vernon 1997). The Act creates liability for two types of cases. First, liability is created for the wrongful acts, omissions, or negligence of a government employee that results in property damage, personal injury and death if (1) the injury or property damage results from operation of a motor driven vehicle or equipment, (2) the employee would be personally liable to the claimant according to Texas law, and (3) the governmental unit would be liable to the claimant under Texas law if the governmental unit were a private person. *Id.* at § 101.021(1). Second, the Act creates liability for personal injury and death caused by a condition or use of property if the governmental unit would be liable to the claimant under Texas law "were it a private person." *Id.* at § 101.021(2). Thus, in both classes of cases, liability is not created for the governmental unit when the government would not be liable if it were a private person. *Id.*

■ Thus, where an employee is protected from liability under the doctrine of official immunity, the governmental entity's sovereign immunity remains intact. *See Kilburn,* 849 S.W.2d at 812; *Murillo v. Vasquez,* 949 S.W.2d 13, 17 (Tex.App.—San Antonio 1997, writ denied). This is true even where the individual is not sued along with the governmental entity. *DeWitt,* 904 S.W.2d at 654; *Guevara,* 904 S.W.2d at 656 (Tex.1995) (employee not sued); *Texas Dept. of Criminal Justice v. Watt,* 949 S.W.2d 561, 565 (Tex.App.—Waco 1997, no writ) (employee not sued); *Heikkila v. Harris County,* 973 S.W.2d 333, 335 (Tex.App.—Tyler 1998, pet denied) (employee not sued); *City of Hidalgo v. Prado,* 996 S.W.2d 364, 368 (Tex.App.—Corpus Christi 1999); *City of Houston v. Swindall,* 960 S.W.2d 413, 416 (Tex.App.—Houston [1st Dist.] 1998, no pet.). Thus, if Deputy Delgado would be protected by official immunity, Cameron County's sovereign immunity remains intact.

■ To be entitled to summary judgment on the basis of Delgado's official immunity, the County had the burden to establish that when the accident occurred Delgado was performing (1) a discretionary duty, (2) in good faith, (3) which was within the scope of his authority. *Wadewitz v. Montgomery,* 951 S.W.2d 464, 466 (Tex.1997); *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true, every reasonable inference must be indulged in favor of the non-movant, and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex.1985); *Prado,* 996 S.W.2d at 367.

■ First, we find that Cameron County has established that Delgado's actions in stopping the traffic were discretionary as a matter of law. In official immunity cases, discretionary functions are immunized, whereas ministerial duties are not. *Kassen v. Hatley,* 887 S.W.2d 4, 9 (Tex.1994). Discretionary acts involve personal deliberation, decision and judgment, while ministerial actions require mere obedience to orders. *Ruiz,* 944 S.W.2d at 713. Ministerial acts are those where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Kassen,* 887 S.W.2d at 9; *Chambers,* 883 S.W.2d at 654.

In his affidavit supporting the County's motion for summary judgment, Deputy Delgado states that at the time of the accident:

I was approached by an unknown male motorist who ... told me that there was a tractor tire on the traffic lane of the west bound lane. I asked this man if he was referring to a piece of a tire or a whole tire. He responded saying that it was a whole tire. After he answered, I said ... that I would check it out. I then drove under the Lewis

Lane overpass and then proceeded West on Frontage Road entering the expressway. I continued traveling west on the expressway looking for the tire. I saw traffic going around an object that was on the road. I activated my rear flashers consisting of red and blue halogen lights and yellow strobe lights. I then slowed down enough to where I motioned to the left lane traffic to slow down. I continued toward the object and saw that it was a tractor tire. This tire was positioned on the right traffic lane just before the off ramp leading to Stuart Place Road. As I was about to approach the tire, I activated my overhead lights consisting of rotating red and blue halogen lights. After I activated my overhead lights, I motioned to the traffic to stop, as I stopped. I then got off my unit and turned towards the traffic and again motioned them to stop. I ran towards the tire and saw how big it was and decided that I needed to drag it off the roadway. I dragged the tire to the grassy area between Frontage and Expressway. As soon as I finished dragging the tire I ran back to my unit and just before getting in I motioned to the vehicle to continue on their way. I got into my unit and proceeded to the off ramp. Once I got to the off ramp I deactivated my lights, once I saw that I was away from traffic.

While Delgado's duties involved general oversight of traffic safety during his shift, the specific method for handling a tire obstructing traffic is not prescribed in detail. Rather, Delgado exercised his judgment in deciding if and how to respond to the hazard, the stopping of traffic, and the removal of the tractor tire from the expressway's traffic lane. We find that the summary judgment evidence established as a matter of law that Deputy Delgado was performing a discretionary function in stopping traffic to remove the tire from the road.

 Next, the County was required to establish that Delgado was exercising his duties in good faith. Good faith in official immunity cases must be measured against a standard of objective legal reasonableness, without regard to the officer's subjective state of mind. *Chambers*, 883 S.W.2d at 656; *Ruiz*, 944 S.W.2d at 713. We consider whether reasonable officials could have believed their conduct was justified based on the information possessed by the officials and the established law at the time of the conduct. *Ruiz*, 944 S.W.2d at 713. To controvert this element, the non-movant must establish that no reasonable official in the movant's position could have believed the conduct was justified. *Chambers*, 883 S.W.2d at 657. Delgado stated in his affidavit that he was performing his actions in good faith in an attempt to remove the tractor tire from the roadway as quickly as possible. We find that the County established that Delgado was performing his duties in good faith as a matter of law. Carrillo has offered no affidavit or other controverting summary judgment evidence disputing that Delgado was acting in good faith.

 Officials act within the scope of their authority if they are discharging the duties generally assigned them. *Chambers*, 883 S.W.2d at 658. Even if the action is wrong or negligent, the official still acts within the scope of his authority. *Medina County Comm'rs Ct. v. The Integrity Group, Inc.*, 944 S.W.2d 6, 9 (Tex. App.—San Antonio 1996, no writ); *Koerselman v. Rhynard*, 875 S.W.2d 347, 350 (Tex.App.—Corpus Christi 1994, no writ). We find that Deputy Delgado was within the scope of his authority as a traffic patrol officer when he momentarily stopped traffic to remove the tire obstructing the road.

Once the movant for summary judgment establishes an affirmative defense which would bar the suit as a matter of law, the non-movant must produce summary judgment proof raising a fact issue in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied). Thus, we now look to appellees' summary judgment responses. *Prado*, 996

S.W.2d at 373. Carrillo based her response entirely on the negligence of Deputy Delgado. She did not address the County's assertion of official immunity in her motion, nor did she attach any summary judgment evidence rebutting the assertions in Delgado's affidavit which this court has found establish his entitlement to immunity as a matter of law. Therefore, we find that no genuine issue of material fact is raised and Delgado is entitled to official immunity as a matter of law. Hence, the County has successfully established its claim to summary judgment based on sovereign immunity derivative of Delgado's official immunity. We REVERSE the trial court's order of March 19, and REMAND the entire cause to the trial court for further proceedings consistent with this order.