**CITY OF LA JOYA and Rene Solis, Jr., Appellants,**

v.

**Berton HERR, Individually, Ted Herr, Individually, and Berton Herr and Ted Herr on Behalf of the Estate of Florine B. Herr, Deceased, Appellees.**

No. 13–00–535–CV.

Court of Appeals of Texas, Corpus Christi.

March 1, 2001.

Rosemary Conrad Sandoval, Roerig, Oliveira & Fisher, L.L.P., McAllen, Attorney for Appellants.

B. Buck Pettitt, Flores, Casso, Romero & Pettitt, McAllen, Attorney for Appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

HINOJOSA, Justice.

This is an interlocutory appeal from the denial of a motion for summary judgment based on an assertion of official immunity.[1] By two issues, appellants, the City of La Joya and its employee, Rene Solis, Jr., complain the trial court erred: (1) in denying Solis's motion for summary judgment based on official immunity, and (2) in denying the City's motion for summary judgment based on sovereign immunity derived from Solis's official immunity. Because we hold appellants did not prove that Solis was entitled to official immunity and did not establish that the City was entitled to sovereign immunity, we affirm the trial court's order denying appellants' motion for summary judgment.

### A. TRADITIONAL SUMMARY JUDGMENT

When we review a trial court's decision on a traditional motion for summary judgment filed pursuant to Texas Rule of Civil Procedure 166a(c), we follow these well-established rules:

(1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) in deciding whether there is a disputed material fact issue precluding

---

1. This Court has jurisdiction to hear an appeal from the denial of a motion for summary judgment based on an assertion of official immunity. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.2001); *University* *of Tex. Southwestern Med. Ctr. v. Margulis*, 11 S.W.3d 186, 187–88 (Tex.2000); *Cameron Co. v. Carrillo*, 7 S.W.3d 706, 709 (Tex.App.— Corpus Christi 1999, no pet.).

summary judgment, evidence favorable to the nonmovant will be taken as true; and

(3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant.

*See American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *see also* Tex.R.Civ.P. 166a(c). A defendant's motion for summary judgment should be granted if he disproves at least one essential element of each of the plaintiff's causes of action, or if he establishes all the elements of an affirmative defense as a matter of law. *Grinnell,* 951 S.W.2d at 425; *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). Evidence favoring the movant's position will not be considered unless it is uncontradicted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). We accept as true evidence in support of the motion if not controverted. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to offer any issue or evidence that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

### B. BACKGROUND AND PROCEDURAL HISTORY

Taking the evidence favorable to appellants as true and resolving all reasonable inferences and doubts in their favor, the facts of this case are as follows. Solis is employed by the City of La Joya as a police officer. On the morning of May 27, 1996, he was on duty in his patrol vehicle, traveling westbound on Expressway 83 in La Joya, when he observed an eastbound vehicle exceeding the posted thirty-mile-per-hour speed limit. He made a U-turn at a crossover, intending to stop the speeding vehicle. He did not radio the La Joya police dispatcher concerning the traffic violation or his intention to conduct a traffic stop. Solis activated the overhead "wig-wag" lights of his patrol unit, but not its siren. He accelerated to catch up with the speeder. He was going faster than the thirty-mile-per-hour speed limit. As he approached the intersection of Expressway 83 and Farm to Market Road 2521 (also known as Leo Avenue) in La Joya, he noticed Florine Herr's vehicle in the westbound left-turn lane. Solis took his foot off the accelerator and observed Herr's vehicle, but still did not activate the siren. Solis had the green light, so he proceeded eastbound through the intersection. Herr turned her vehicle to the left, directly into the path of Solis's patrol car. In his affidavit in support of the motion for summary judgment, Solis stated:

> Ms. Herr's vehicle never stopped or slowed down, it just turned in front of my patrol car and collided with me. It appeared to me that Ms. Herr never saw the traffic light or the patrol car with its emergency lights activated.[2]

Solis braked and swerved to the right, causing the patrol car to skid. The cars collided, and Herr died several weeks later from injuries sustained in the collision.

Herr's estate and survivors filed this negligence action against appellants. Appellants subsequently moved for summary judgment on official immunity and sovereign immunity grounds. The trial court

---

**2.** However, in a deposition taken some fifteen months before the affidavit, Solis said he watched Herr's vehicle "and noticed the car didn't move."

denied the motion. This interlocutory appeal ensued.

## C. GOVERNMENTAL IMMUNITY

■ Governmental entities are immune from liability, except in situations where the legislature has waived that immunity. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.021, 101.025 (Vernon 1997). Unless the government has waived immunity, the trial court lacks subject matter jurisdiction. *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 752 (Tex.App.—Austin 1998, no pet.). The Texas Tort Claims Act creates governmental liability for the wrongful acts, omissions, or negligence of a governmental employee that results in property damage, personal injury or death if: (1) the injury or property damage results from the operation of a motor driven vehicle or equipment; (2) the employee would be personally liable to the claimant according to Texas law; and (3) the governmental unit would be liable to the claimant under Texas law if the governmental unit were a private person. TEX. CIV.PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1997); see *Cameron Co. v. Carrillo,* 7 S.W.3d 706, 710 (Tex.App.—Corpus Christi 1999, no pet.).

## D. SOLIS'S MOTION FOR SUMMARY JUDGMENT

■ By their first issue, appellants contend the trial court erred in denying Solis's motion for summary judgment based on official immunity. Official immunity is an affirmative defense that protects government employees from personal liability. *University of Houston v. Clark,* 43

Tex.Sup.Ct.J. 874, 875 (June 15, 2000);[3] *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). Government employees are entitled to official immunity from a suit arising from the performance of their (1) discretionary duties (2) in good faith (3) as long as they are acting within the scope of their authority. *Clark,* 43 Tex.Sup.Ct.J. at 875; *Wadewitz v. Montgomery,* 951 S.W.2d 464, 466 (Tex.1997); *Chambers,* 883 S.W.2d at 653. To obtain summary judgment on official immunity, the governmental employee must conclusively prove each element of the defense. *Clark,* 43 Tex.Sup.Ct.J. at 875; *Kassen v. Hatley,* 887 S.W.2d 4, 8–9 (Tex.1994).

■ The purpose of official immunity is to insulate the functioning of government from the harassment of litigation, not to protect erring officials. *Kassen,* 887 S.W.2d at 8; *Carrillo,* 7 S.W.3d at 709. The public would suffer if government officers, who must exercise judgment and discretion in their jobs, were to be subject to civil lawsuits that second-guessed their decisions. *Kassen,* 887 S.W.2d at 8; *Carrillo,* 7 S.W.3d at 709. When official immunity shields a governmental employee from liability, sovereign immunity shields the governmental employer from vicarious liability. *Clark,* 43 Tex.Sup.Ct.J. at 875; *DeWitt v. Harris Co.,* 904 S.W.2d 650, 653 (Tex.1995).

In the instant case, it is undisputed that Solis was acting within the scope of his authority. At issue is whether Solis acted in good faith while performing a discretionary act.

**3.** A motion for rehearing was denied in the *University of Houston v. Clark* case on August 24, 2000. The case was released for publication and it appeared in the Southwestern Reporter advance sheets at 22 S.W.3d 915. However, it appears that at the time the case was released for publication, another motion for rehearing was pending, and the case was

withdrawn from publication. The case does not appear in the permanent volume of 22 S.W.3d. The pending motion for rehearing was overruled on October 12, 2000, but the case has not reappeared in the advance sheets. Due to confusion over the proper citation, we cite to the Texas Supreme Court Journal.

### 1. *Good Faith*

A police officer acts in good faith in a pursuit case if a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit. *Chambers*, 883 S.W.2d at 656. In *Wadewitz*, the supreme court stated:

> The "need" aspect of the test refers to the urgency of the circumstances requiring police intervention. In the context of an emergency response, need is determined by factors such as the seriousness of the crime or accident to which the officer responds, whether the officer's immediate presence is necessary to prevent injury or loss of life or to apprehend a suspect, and what alternative courses of action, if any, are available to achieve a comparable result. The "risk" aspect of good faith, on the other hand, refers to the countervailing public safety concerns: the nature and severity of harm that the officer's actions could cause (including injuries to bystanders as well as the possibility that an accident would prevent the officer from reaching the scene of the emergency), the likelihood that any harm would occur, and whether any risk of harm would be clear to a reasonably prudent officer.

*Wadewitz*, 951 S.W.2d at 467 (a case involving a patrol car that crashed into another vehicle while responding to an emergency call).

The *Wadewitz* factors apply to good faith determinations in police pursuits as well as emergency responses. *Clark*, 43 Tex.Sup.Ct.J. at 877. In both situations, an assessment by a police officer of the need to immediately apprehend the suspect necessarily includes the general considerations *Wadewitz* provides: (1) the seriousness of the crime or accident to which the officer responds; (2) whether the officer's immediate presence is necessary to apprehend a suspect or to prevent injury or loss of life; and (3) what alternative courses of action, if any, are available to achieve a comparable result. *Clark*, 43 Tex.Sup.Ct.J. at 877. Similarly, in a police pursuit case, the *Chambers* risk element— "a clear risk of harm to the public in continuing the pursuit"—necessarily includes considerations of the nature, severity, likelihood, and obviousness of the risks of the officer's actions. *Id.* at 877–78. Circumstances that arise during a police pursuit may present a change in risks requiring a reassessment of need versus risk. *See id.* at 878. If a reasonably prudent officer could have continued the pursuit despite the . change in risk, the officer continues acting in good faith. *Id.* The availability of alternatives to pursuit is not irrelevant; requiring officers to assess alternatives to pursuit insures that public safety is not "thrown to the winds in the heat of the chase." *Id.* (citing *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992)).

An officer acts in bad faith only if he could not have reasonably reached the decision in question. *Clark*, 43 Tex.Sup. Ct.J. at 875; *Chambers*, 883 S.W.2d at 657 n. 7. To obtain summary judgment based on official immunity in a police pursuit case, a police officer must prove that a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit, taking into account all the *Wadewitz* factors. *Clark*, 43 Tex.Sup.Ct.J. at 878. The officer does not have to prove that it would have been unreasonable to stop the pursuit or that all reasonably prudent officers would have continued the pursuit. *Id.* at 875–76; *Chambers*, 883 S.W.2d at 656.

Instead, the officer must prove only that a reasonably prudent officer *might* have continued the pursuit. *Clark,* 43 Tex.Sup. Ct.J. at 876 (emphasis in original); *Chambers,* 883 S.W.2d at 656–57.

Good faith may be established by the officer's own affidavit, *Barker v. City of Galveston,* 907 S.W.2d 879, 888 (Tex.App.—Houston [1st Dist.] 1995, writ denied), or by expert testimony. *Wadewitz,* 951 S.W.2d at 466. The expert's testimony must be: (1) clear, (2) positive and direct, (3) otherwise credible and free from contradictions and inconsistencies, and (4) readily controvertible. *Wadewitz,* 951 S.W.2d at 466; *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991)(per curiam). Expert testimony on good faith must address what a reasonable officer could have believed under the circumstances and must be substantiated with facts showing the officer assessed both the need to apprehend the suspect and the risk of harm to the public. *See Clark,* 43 Tex.Sup.Ct.J. at 881; *Wadewitz,* 951 S.W.2d at 467; *Clement v. City of Plano,* 26 S.W.3d 544, 551 (Tex.App.—Dallas 2000, no pet.). Mere conclusory statements by an expert that a reasonable officer could have taken the same action is insufficient to establish good faith. *Wadewitz,* 951 S.W.2d at 466–67; *Clement,* 26 S.W.3d at 551. To establish good faith under the *Wadewitz* test, the movant *must* mention the viability of other alternatives, if any, as part of balancing the need for pursuit versus the risk of pursuit. *Clark,* 43 Tex.Sup.Ct.J. at 881 (emphasis added).

Appellants first question whether the *Wadewitz* and *Clark* standards apply to this case. Appellants argue that Solis was engaged in a "traffic stop," not a "pursuit."

The case of *Ener v. Thomas,* a case consolidated with *Clark,* involved a situation remarkably similar to the facts of this case. *See Clark,* 43 Tex.Sup.Ct.J. at 881–82. In *Ener,* a deputy constable was following a speeding vehicle when his patrol car struck and injured a third party at an intersection. *See Ener v. Thomas,* 20 S.W.3d 712, 716 (Tex.App.—Houston [14th Dist.] 1999), *aff'd sub nom. Clark,* 43 Tex. Sup.Ct.J. at 882. Because the supreme court applied the *Wadewitz* standards in *Ener,* we cannot say, as a matter of law, that Solis was not involved in a police pursuit.

## 2. *Summary Judgment Evidence*

In support of their motion for summary judgment, appellants attached the affidavit of Solis, which contained the following statement:

> My actions were reasonable, legal, within the scope of my authority, discretionary, and conducted in good faith. I relied on my law enforcement training in executing my duties as a law enforcement officer and I truly believe I used good judgment and discretion. I was not intentionally or unintentionally negligent in the performance of my duties as a Licensed Texas Peace Officer.

Appellants also attached the affidavit of their expert witness, Albert Rodriguez, commander of the Texas Department of Public Safety Training Academy. Rodriguez opined that:

> any reasonable and prudent officer could have taken the same or similar actions that Officer Rene Solis took on May 27, 1996, when presented with the same or similar circumstances. Officer Solis's actions were reasonable, discretionary, legal, within the scope of his authority and executed in good faith.

In support of their reply to appellees' response to the motion for summary judgment, appellants attached Solis's entire deposition testimony, and the deposition

testimony of Jesus Perez, the La Joya Police Chief.

After reviewing all of the summary judgment evidence, we find no evidence that Solis assessed both the need to apprehend the suspect and the risk of harm to the public. *See Clark,* 43 Tex.Sup.Ct.J. at 881; *Wadewitz,* 951 S.W.2d at 467; *Clement,* 26 S.W.3d at 551. We also find no evidence addressing the availability of alternatives to pursuit. *See Clark,* 43 Tex. Sup.Ct.J. at 881–82 (in which the good faith affidavits—which discussed the officer's assessment of need and risk, but failed to address any available alternatives to pursuit—were found inadequate to prove good faith as a matter of law).

Because Solis did not produce competent summary judgment evidence on the element of good faith, we hold he did not prove he was entitled to official immunity. Accordingly, we hold the trial court did not err in denying Solis's motion for summary judgment. Appellants' first issue is overruled.

### E. The City's Motion for Summary Judgment

By their second issue, appellants contend the trial court erred in denying the City's motion for summary judgment based on sovereign immunity, which is derived from Solis's assertion of official immunity.

The City's motion for summary judgment asserted only that it was entitled to sovereign immunity because of Solis's official immunity. Where a governmental employee is protected from liability under the doctrine of official immunity, the governmental entity's sovereign immunity remains intact. *Id.* at 875; *DeWitt,* 904 S.W.2d at 653; *City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993); *Carrillo,* 7 S.W.3d at 710.

Because appellants did not prove that Solis was entitled to official immunity, we hold the City did not establish that its sovereign immunity remained intact. We hold the trial court did not err in denying the City's motion for summary judgment. Appellants' second issue is overruled.

We affirm the trial court's order denying appellants' motion for summary judgment.