NUMBER 13-00-535-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


CITY OF LA JOYA AND RENE SOLIS, JR., Appellants,


v.



BERTON HERR, INDIVIDUALLY, TED HERR,

INDIVIDUALLY, AND BERTON HERR AND

TED HERR ON BEHALF OF THE ESTATE

OF FLORINE B. HERR, DECEASED, Appellees.

____________________________________________________________________


On appeal from the 370th District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and

Rodriguez

Opinion by Justice Hinojosa



 This is an interlocutory appeal from the denial of a motion for
summary judgment based on an assertion of official immunity.(1) By two
issues, appellants, the City of La Joya and its employee, Rene Solis, Jr.,
complain the trial court erred: (1) in denying Solis's motion for
summary judgment based on official immunity, and (2) in denying the
City's motion for summary judgment based on sovereign immunity
derived from Solis's official immunity. Because we hold appellants did
not prove that Solis was entitled to official immunity and did not
establish that the City was entitled to sovereign immunity, we affirm
the trial court's order denying appellants' motion for summary
judgment.

A. Traditional Summary Judgment


 When we review a trial court's decision on a traditional motion for
summary judgment filed pursuant to Texas Rule of Civil Procedure
166a(c), we follow these well-established rules:

(1) the movant has the burden of showing that there is no
genuine issue of material fact and that it is entitled to
judgment as a matter of law;


(2) in deciding whether there is a disputed material fact
issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and


(3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts must be resolved in
favor of the nonmovant.


See American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); see also Tex. R. Civ. P. 166a(c). A defendant's motion
for summary judgment should be granted if he disproves at least one
essential element of each of the plaintiff's causes of action, or if he
establishes all the elements of an affirmative defense as a matter of law. 
Grinnell, 951 S.W.2d at 425; Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997); Randall's Food Mkts., Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995). Evidence favoring the movant's
position will not be considered unless it is uncontradicted. Great Am.
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41,
47 (Tex. 1965). We accept as true evidence in support of the motion
if not controverted. Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). 
Once the movant establishes its right to summary judgment as a matter
of law, the burden shifts to the nonmovant to offer any issue or
evidence that would preclude summary judgment. City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

B. Background and Procedural History


 Taking the evidence favorable to appellants as true and resolving
all reasonable inferences and doubts in their favor, the facts of this case
are as follows. Solis is employed by the City of La Joya as a police
officer. On the morning of May 27, 1996, he was on duty in his patrol
vehicle, traveling westbound on Expressway 83 in La Joya, when he
observed an eastbound vehicle exceeding the posted thirty-mile-per-hour speed limit. He made a U-turn at a crossover, intending to stop
the speeding vehicle. He did not radio the La Joya police dispatcher
concerning the traffic violation or his intention to conduct a traffic stop. 
Solis activated the overhead "wig-wag" lights of his patrol unit, but not
its siren. He accelerated to catch up with the speeder. He was going
faster than the thirty-mile-per-hour speed limit. As he approached the
intersection of Expressway 83 and Farm to Market Road 2521 (also
known as Leo Avenue) in La Joya, he noticed Florine Herr's vehicle in
the westbound left-turn lane. Solis took his foot off the accelerator and
observed Herr's vehicle, but still did not activate the siren. Solis had the
green light, so he proceeded eastbound through the intersection. Herr
turned her vehicle to the left, directly into the path of Solis's patrol car. 
In his affidavit in support of the motion for summary judgment, Solis
stated:

Ms. Herr's vehicle never stopped or slowed down, it just
turned in front of my patrol car and collided with me. It
appeared to me that Ms. Herr never saw the traffic light or
the patrol car with its emergency lights activated.(2)


Solis braked and swerved to the right, causing the patrol car to skid. 
The cars collided, and Herr died several weeks later from injuries
sustained in the collision.

 Herr's estate and survivors filed this negligence action against
appellants. Appellants subsequently moved for summary judgment on
official immunity and sovereign immunity grounds. The trial court
denied the motion. This interlocutory appeal ensued.

C. Governmental Immunity


 Governmental entities are immune from liability, except in
situations where the legislature has waived that immunity. See Tex.
Civ. Prac. & Rem. Code Ann. §§101.021, 101.025 (Vernon 1997). Unless
the government has waived immunity, the trial court lacks subject
matter jurisdiction. City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750,
752 (Tex. App.--Austin 1998, no pet.). The Texas Tort Claims Act
creates governmental liability for the wrongful acts, omissions, or
negligence of a governmental employee that results in property damage,
personal injury or death if: (1) the injury or property damage results
from the operation of a motor driven vehicle or equipment; (2) the
employee would be personally liable to the claimant according to Texas
law; and (3) the governmental unit would be liable to the claimant
under Texas law if the governmental unit were a private person. Tex.
Civ. Prac. & Rem. Code Ann. §101.021(1) (Vernon 1997); see Cameron
Co. v. Carrillo, 7 S.W.3d 706, 710 (Tex. App.--Corpus Christi 1999, no
pet.).

D. Solis's Motion for Summary Judgment


 By their first issue, appellants contend the trial court erred in
denying Solis's motion for summary judgment based on official
immunity. Official immunity is an affirmative defense that protects
government employees from personal liability. University of Houston v.
Clark, 43 Tex. Sup. Ct. J. 874, 875 (June 15, 2000);(3) City of Lancaster
v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). Government
employees are entitled to official immunity from a suit arising from the
performance of their (1) discretionary duties (2) in good faith (3) as long
as they are acting within the scope of their authority. Clark, 43 Tex.
Sup. Ct. J. at 875; Wadewitz v. Montgomery, 951 S.W.2d 464, 466
(Tex. 1997); Chambers, 883 S.W.2d at 653. To obtain summary
judgment on official immunity, the governmental employee must
conclusively prove each element of the defense. Clark, 43 Tex. Sup. Ct.
J. at 875; Kassen v. Hatley, 887 S.W.2d 4, 8-9 (Tex. 1994).

 The purpose of official immunity is to insulate the functioning of
government from the harassment of litigation, not to protect erring
officials. Kassen, 887 S.W.2d at 8; Carrillo, 7 S.W.3d at 709. The
public would suffer if government officers, who must exercise judgment
and discretion in their jobs, were to be subject to civil lawsuits that
second-guessed their decisions. Kassen, 887 S.W.2d at 8; Carrillo, 7
S.W.3d at 709. When official immunity shields a governmental
employee from liability, sovereign immunity shields the governmental
employer from vicarious liability. Clark, 43 Tex. Sup. Ct. J. at 875;
DeWitt v. Harris Co., 904 S.W.2d 650, 653 (Tex. 1995). 

 In the instant case, it is undisputed that Solis was acting within
the scope of his authority. At issue is whether Solis acted in good faith
while performing a discretionary act. 

1. Good Faith


 A police officer acts in good faith in a pursuit case if a reasonably
prudent officer, under the same or similar circumstances, could have
believed that the need to immediately apprehend the suspect
outweighed a clear risk of harm to the public in continuing the pursuit. 
Chambers, 883 S.W.2d at 656. In Wadewitz, the supreme court stated:

The "need" aspect of the test refers to the urgency of the
circumstances requiring police intervention. In the context
of an emergency response, need is determined by factors
such as the seriousness of the crime or accident to which
the officer responds, whether the officer's immediate
presence is necessary to prevent injury or loss of life or to
apprehend a suspect, and what alternative courses of action,
if any, are available to achieve a comparable result. The
"risk" aspect of good faith, on the other hand, refers to the
countervailing public safety concerns: the nature and
severity of harm that the officer's actions could cause
(including injuries to bystanders as well as the possibility
that an accident would prevent the officer from reaching the
scene of the emergency), the likelihood that any harm would
occur, and whether any risk of harm would be clear to a
reasonably prudent officer. 


Wadewitz, 951 S.W.2d at 467 (a case involving a patrol car that
crashed into another vehicle while responding to an emergency call). 

 The Wadewitz factors apply to good faith determinations in police
pursuits as well as emergency responses. Clark, 43 Tex. Sup. Ct. J. at
877. In both situations, an assessment by a police officer of the need
to immediately apprehend the suspect necessarily includes the general
considerations Wadewitz provides: (1) the seriousness of the crime or
accident to which the officer responds; (2) whether the officer's
immediate presence is necessary to apprehend a suspect or to prevent
injury or loss of life; and (3) what alternative courses of action, if any,
are available to achieve a comparable result. Clark, 43 Tex. Sup. Ct. J.
at 877. Similarly, in a police pursuit case, the Chambers risk element
-- "a clear risk of harm to the public in continuing the pursuit" --
necessarily includes considerations of the nature, severity, likelihood,
and obviousness of the risks of the officer's actions. Id. at 877-78. 
Circumstances that arise during a police pursuit may present a change
in risks requiring a reassessment of need versus risk. See id. at 878. 
If a reasonably prudent officer could have continued the pursuit despite
the change in risk, the officer continues acting in good faith. Id. The
availability of alternatives to pursuit is not irrelevant; requiring officers
to assess alternatives to pursuit insures that public safety is not
"thrown to the winds in the heat of the chase." Id. (citing Travis v. City
of Mesquite, 830 S.W.2d 94, 98 (Tex. 1992)).

 An officer acts in bad faith only if he could not have reasonably
reached the decision in question. Clark, 43 Tex. Sup. Ct. J. at 875;
Chambers, 883 S.W.2d at 657 n. 7. To obtain summary judgment
based on official immunity in a police pursuit case, a police officer must
prove that a reasonably prudent officer, under the same or similar
circumstances, could have believed that the need to immediately
apprehend the suspect outweighed a clear risk of harm to the public in
continuing the pursuit, taking into account all the Wadewitz factors. 
Clark, 43 Tex. Sup. Ct. J. at 878. The officer does not have to prove
that it would have been unreasonable to stop the pursuit or that all
reasonably prudent officers would have continued the pursuit. Id. at
875-76; Chambers, 883 S.W.2d at 656. Instead, the officer must prove
only that a reasonably prudent officer might have continued the pursuit. 
Clark, 43 Tex. Sup. Ct. J. at 876 (emphasis in original); Chambers, 883
S.W.2d at 656-57. 

 Good faith may be established by the officer's own affidavit,
Barker v. City of Galveston, 907 S.W.2d 879, 888 (Tex. App.--Houston
[1st Dist.] 1995, writ denied), or by expert testimony. Wadewitz, 951
S.W.2d at 466. The expert's testimony must be: (1) clear, (2) positive
and direct, (3) otherwise credible and free from contradictions and
inconsistencies, and (4) readily controvertible. Wadewitz, 951 S.W.2d
at 466; Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991)(per curiam). 
Expert testimony on good faith must address what a reasonable officer
could have believed under the circumstances and must be
substantiated with facts showing the officer assessed both the need to
apprehend the suspect and the risk of harm to the public. See Clark, 43
Tex. Sup. Ct. J. at 881; Wadewitz, 951 S.W.2d at 467; Clement v. City
of Plano, 26 S.W.3d 544, 551 (Tex. App.--Dallas 2000, no pet.). Mere
conclusory statements by an expert that a reasonable officer could have
taken the same action is insufficient to establish good faith. Wadewitz,
951 S.W.2d at 466-67; Clement, 26 S.W.3d at 551. To establish good
faith under the Wadewitz test, the movant must mention the viability
of other alternatives, if any, as part of balancing the need for pursuit
versus the risk of pursuit. Clark, 43 Tex. Sup. Ct. J. at 881 (emphasis
added).

 Appellants first question whether the Wadewitz and Clark
standards apply to this case. Appellants argue that Solis was engaged
in a "traffic stop," not a "pursuit."

 The case of Ener v. Thomas, a case consolidated with Clark,
involved a situation remarkably similar to the facts of this case. See
Clark, 43 Tex. Sup. Ct. J. at 881-82. In Ener, a deputy constable was
following a speeding vehicle when his patrol car struck and injured a
third party at an intersection. See Ener v. Thomas, 20 S.W.3d 712, 716
(Tex. App.--Houston [14th Dist.] 1999, aff'd sub nom. Clark, 43 Tex.
Sup. Ct. J. at 882. Because the supreme court applied the Wadewitz
standards in Ener, we cannot say, as a matter of law, that Solis was not
involved in a police pursuit.

2. Summary Judgment Evidence


 In support of their motion for summary judgment, appellants
attached the affidavit of Solis, which contained the following statement:

My actions were reasonable, legal, within the scope of my
authority, discretionary, and conducted in good faith. I relied
on my law enforcement training in executing my duties as a
law enforcement officer and I truly believe I used good
judgment and discretion. I was not intentionally or
unintentionally negligent in the performance of my duties as
a Licensed Texas Peace Officer.


Appellants also attached the affidavit of their expert witness, Albert
Rodriguez, commander of the Texas Department of Public Safety
Training Academy. Rodriguez opined that:

any reasonable and prudent officer could have taken the
same or similar actions that Officer Rene Solis took on May
27, 1996, when presented with the same or similar
circumstances. Officer Solis's actions were reasonable,
discretionary, legal, within the scope of his authority and
executed in good faith.


In support of their reply to appellees' response to the motion for
summary judgment, appellants attached Solis's entire deposition
testimony, and the deposition testimony of Jesus Perez, the La Joya
Police Chief.

 After reviewing all of the summary judgment evidence, we find no
evidence that Solis assessed both the need to apprehend the suspect
and the risk of harm to the public. See Clark, 43 Tex. Sup. Ct. J. at 881;
Wadewitz, 951 S.W.2d at 467; Clement, 26 S.W.3d at 551. We also
find no evidence addressing the availability of alternatives to pursuit. 
See Clark, 43 Tex. Sup. Ct. J. at 881-82 (in which the good faith
affidavits -- which discussed the officer's assessment of need and risk,
but failed to address any available alternatives to pursuit -- were found
inadequate to prove good faith as a matter of law).

 Because Solis did not produce competent summary judgment
evidence on the element of good faith, we hold he did not prove he was
entitled to official immunity. Accordingly, we hold the trial court did not
err in denying Solis's motion for summary judgment. Appellants' first
issue is overruled.

E. The City's Motion for Summary Judgment


 By their second issue, appellants contend the trial court erred in
denying the City's motion for summary judgment based on sovereign
immunity, which is derived from Solis's assertion of official immunity.

 The City's motion for summary judgment asserted only that it was
entitled to sovereign immunity because of Solis's official immunity. 
Where a governmental employee is protected from liability under the
doctrine of official immunity, the governmental entity's sovereign
immunity remains intact. Id. at 875; DeWitt, 904 S.W.2d at 653; City
of Houston v. Kilburn, 849 S.W.2d 810, 812 (Tex. 1993); Carrillo, 7
S.W.3d at 710.

 Because appellants did not prove that Solis was entitled to official
immunity, we hold the City did not establish that its sovereign
immunity remained intact. We hold the trial court did not err in denying
the City's motion for summary judgment. Appellants' second issue is
overruled.

 We affirm the trial court's order denying appellants' motion for
summary judgment.





 FEDERICO G. HINOJOSA

 Justice



Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 1st day of March, 2001.

1. This Court has jurisdiction to hear an appeal from the denial of a motion for
summary judgment based on an assertion of official immunity. Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(5) (Vernon Supp. 2001); University of Tex. Southwestern Med.
Ctr. v. Margulis, 11 S.W.3d 186, 187-88 (Tex. 2000); Cameron Co. v. Carrillo, 7
S.W.3d 706, 709 (Tex. App.--Corpus Christi 1999, no pet.).
2. However, in a deposition taken some fifteen months before the affidavit, Solis
said he watched Herr's vehicle "and noticed the car didn't move."
3. A motion for rehearing was denied in the University of Houston v. Clark case
on August 24, 2000. The case was released for publication and it appeared in the
Southwestern Reporter advance sheets at 22 S.W.3d 915. However, it appears that
at the time the case was released for publication, another motion for rehearing was
pending, and the case was withdrawn from publication. The case does not appear
in the permanent volume of 22 S.W. 3d. The pending motion for rehearing was
overruled on October 12, 2000, but the case has not reappeared in the advance
sheets. Due to confusion over the proper citation, we cite to the Texas Supreme
Court Journal.