NUMBER 13-01-423-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 



NUECES COUNTY, RAMIRO CANALES TAX ASSESSOR AND COLLECTOR OF 

COUNTY, MOTOR VEHICLE DEPARTMENT, AND NUECES COUNTY CIVIL SERVICE

COMMISSION, GLORIA MUNGIA, ELVIRA WYATT, AND LIZA GARZA, Appellants,
v.


ROGER MORALES, Appellees.

 

On appeal from the 214 th District Court

of Nueces County, Texas.

 

O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Valdez


 This is an interlocutory appeal of the trial court's denial of a motion for summary judgment. Roger Morales, appellee, filed
suit against Nueces County, Nueces County's Motor Vehicle Department, Nueces County's Tax Assessor and Collector,
Ramiro Canales, and three employees of the Nueces County Tax Assessor and Collector's Office, Gloria Mungia, Liza
Garza, and Elvira Wyatt, hereinafter referred to collectively as appellants, alleging acts of employment discrimination. (1)
Appellants moved for summary judgment in the trial court, arguing, inter alia, that they were protected by official
immunity. The trial court denied appellants' motion for summary judgment, and appellants perfected this interlocutory
appeal, as allowed by section 51.014(5) of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code
Ann. §51.014(5) (Vernon Supp. 2001).

 Morales has been an employee of Nueces County since 1993. During the time period relevant to this case, Morales has
been assigned to the Motor Vehicle Department of the Tax Assessor and Collector's Office. On December 30, 1998,
Nueces County instituted disciplinary action against Morales, alleging insubordination and conduct unbecoming a county
employee. As a result of this action, Nueces County suspended Morales for three days without pay. Morales appealed this
action to the Nueces County Civil Service Commission. On July 9, 1999, while Morales's appeal was pending with the
Civil Service Commission, Nueces County terminated him, alleging insubordination and inefficiency. Morales likewise
appealed his termination to the Civil Service Commission. 

 In April 2000, the Civil Service Commission held a hearing on Morales's appeals, and upheld the three day suspension
from December 1998, but overturned his termination. Morales was reinstated to his job, effective April 24, 2000, without
back pay. Morales then appealed, to district court, the civil service commission's decision on the suspension and the failure
to award back pay. Additionally, Morales alleges in this suit that his supervisors at his place of employment: discriminated
against him on the basis of gender, national origin and age; retaliated against him for exercising his rights to appeal to the
civil service commission; created a hostile work environment; and intentionally inflicted emotional distress upon him.

 Appellants moved for summary judgment, arguing that: (1) Morales is not entitled to appeal the civil service commission's
decision, under section 158.012 of the local government code; (2) Nueces County, the Office of the Tax
Assessor-Collector, and the other appellants sued in their official capacity are protected by governmental immunity, as a
matter of law; (3) the individual appellants are protected by "official immunity" as a matter of law; and, (4) Morales failed
to prove his claim for intentional infliction of emotional distress. Morales responded to the motion for summary judgment,
arguing, inter alia, that the affidavits attached as summary judgment evidence are deficient because they contain legal and
factual conclusions. The trial court denied appellants' motion for summary judgment; and, this appeal ensued.

 Appellants bring three issues by this appeal: (1) whether appellants established the affirmative defense of official
immunity; (2) whether Morales is entitled to appeal the civil service commission's decision; and, (3) whether appellee has
stated a claim for retaliation and hostile work environment. Additionally, appellants argue, in a separate issue, that their
alleged conduct is not sufficiently outrageous so as to constitute intentional infliction of emotional distress.

 Interlocutory appeal is only available for assertion of immunity, and not other issues advanced in a motion for summary
judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (a)(5) (Vernon Supp. 2001); City of Robstown v. Ramirez, 17
S.W.3d 268, 272 (Tex. App.-Corpus Christi 2000, pet dism'd); Cameron County v. Carrillo, 7 S.W.3d 706, 709 (Tex.
App.-Corpus Christi 1999, no pet.). Therefore, this Court lacks jurisdiction to consider the issues of whether Morales may
appeal the civil service commission's decision, whether Morales has established his claims of hostile work environment and
retaliation, and whether appellants' alleged conduct was sufficiently outrageous to constitute intentional infliction of
emotional distress. Each of these issues are independent of appellants' assertions of immunity. We hold that this Court has
jurisdiction to review the trial court's denial of summary judgment, but only to the extent that the denial of summary
judgment was based on a finding that the individual appellants were not entitled to official immunity. Carrillo, 7 S.W.3d at
709. We dismiss the remaining issues for want of jurisdiction.

 In a traditional summary judgment proceeding, the appellate standard of review is whether the successful movant at the
trial level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted
as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). To succeed on a summary judgment,
a defendant must disprove as a matter of law one or more elements essential to the plaintiff's claims. Anderson v. Snider,
808 S.W.2d 54, 55 (Tex. 1991). Alternatively, a defendant is entitled to summary judgment based on an affirmative
defense if he or she proves conclusively all of the elements of the affirmative defense as a matter of law. Montgomery v.
Kennedy, 669 S.W.2d 309, 310-11 (Tex. 1984).

 The elements of the defense of official immunity are (1) the performance of a discretionary function; (2) in good faith; (3)
within the scope of the employee's authority. Kassen v. Hatley, 887 S.W.2d 4, 8 (Tex. 1994). Appellants argue that the
summary judgment evidence presented conclusively establishes these elements. 

 Appellants offered the affidavits of Garza, Wyatt, and Mungia as summary judgment evidence on the issue of official
immunity. Each affidavit all contains the following identical language:

 With respect to claims against me in my individual capacity, I have official immunity from suit and liability. Regarding
Roger Morales' grievance[s] . . ., any disciplinary actions instituted were discretionary acts which were performed after
deliberation, decision, and judgment of the facts. Under the same or similar circumstances, a reasonably prudent
government official could have believed that the disciplinary actions taken against Roger Morales were justified. Finally, I
was acting within the scope of my authority because I was discharging duties generally assigned to me.



The affidavit of Canales also contains this language, but specifies that Canales was acting as department head.

 These affidavits contain legal conclusions, as they all state that each of the affiants have official immunity from suit and
liability. Further, the affidavits contain factual conclusions, as they all state that the affiants' acts were "discretionary acts,"
but the affidavits do not specify the range of affiants' discretion in these matters; and, the affidavits state that the affiants
were "acting within the scope of [their] authority" but do not specify the actual authority which affiants possessed as part of
their jobs with Nueces County, nor do they specify the duties assigned to them. 

 Mere legal conclusions are insufficient to establish the existence of a fact in support of a motion for summary judgment. 
Mercer v. Daoran, 676 S.W.2d 580, 583 (Tex. 1984); Fricks v. Hancock, 45 S.W.3d 322, 326 (Tex. App.-Corpus Christi
2001, no pet.). Further, factual conclusions will not support a summary judgment, because such conclusions are not
susceptible to being readily controverted. See Tex. R. Civ. P. 166a(c); Laidlaw Waste Sys., Inc. v. City of Wilmer, 904
S.W.2d 656, 661 (Tex. 1995). Accordingly, we hold that appellants failed to establish conclusively all of the elements of
the defense of official immunity as a matter of law, and therefore, the trial court did not err in denying appellants' motion
for summary judgment. Appellants' sole issue before this Court is overruled.

 In four cross-issues, Morales argues that the appellants should be sanctioned under Texas Rule of Appellate Procedure 45
for filing a frivolous appeal. Rule 45 states, in pertinent part: "If the court of appeals determines that an appeal is
frivolous, it may . . . award each prevailing party just damages." Tex. R. App. P. 45. Whether to grant sanctions is a matter
of discretion, which must be exercised with prudence and caution, and only after careful deliberation. Angelou v. African
Overseas Union, 33 S.W.3d 269, 282 (Tex. App.-Houston [14th Dist.] 2000, no pet.). Although imposing sanctions is
within our discretion, we will do so only in circumstances that are truly egregious. Id. Where an appellant's argument on
appeal fails to convince the court, but has a reasonable basis in law and constitutes an informed, good-faith challenge to the
trial court's judgment, sanctions are not appropriate. Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist., 826 S.W.2d
124, 125 (Tex. 1991) (interpreting former Tex. R. App. P. 84). Although we disagree with the appellants' arguments on
appeal, the appeal was not frivolous. No sanctions are warranted. We therefore overrule Morales's cross-issues one
through four.

 We affirm the trial court's order denying appellants' motion for summary judgment.

 

 

ROGELIO VALDEZ

Chief Justice



Do not publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 21st day of November, 2001.

1. Nueces County Civil Service Commission was also named as a defendant in the trial court; however, the Civil Service
Commission is not a party to this interlocutory appeal.