Warren H. CLEMENT and Pauline Clement, Individually and as Heirs of the Estate of Michael Clement, Deceased, Appellants,

v.

THE CITY OF PLANO, Appellee.

No. 05–98–00621–CV.

Court of Appeals of Texas, Dallas.

Aug. 24, 2000.

Thomas P. Earls, Dallas, for Appellants.

Monica Lynne Luebker, Figari & Davenport, Dallas, for Appellee.

John L. McCraw, Jr., McKinney, for Mediator.

Before Justices JAMES, WRIGHT, and ROSENBERG.[1]

## OPINION

Opinion By Justice ROSENBERG (Assigned).

Warren H. Clement and Pauline Clement, individually and as heirs of the estate of Michael Clement, sued Michael Nunns (a Plano police officer), Bruce Glasscock (the chief of the Plano Police Department), the City of Plano (Plano), and others[2] after Nunns, answering a 9–1–1 call at a Collin County Mental Health Mental Retardation Center respite facility, shot and killed their fifteen-year-old mentally retarded and autistic son, Michael. Appellants alleged the defendants were liable for negligence and wrongful death under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 1997). In two issues, appellants contend the trial court erred in overruling their special exceptions to Plano's motion for summary judgment and in granting Plano's motion. In two additional issues, ap-

---

1. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. Defendants Carolyn Gartman, Dr. Randy Routon, the Collin County Mental Health Mental Retardation Center, and Elizabeth Agis were dismissed with prejudice. After summary judgment was rendered, any remaining action was dismissed for want of prosecution, thus disposing of any cause of action against the remaining defendants, Dr. Don Gilbert and the State of Texas Department of Mental Retardation.

pellants challenge Glasscock's affidavit, submitted as summary judgment evidence. We resolve three of appellants' issues in their favor and reverse and remand this cause to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 1997, appellants left Michael in the care of Carolyn Gartman, a respite care giver employed by Collin County Mental Health Mental Retardation Center (CCMHMRC). Appellants arranged for Gartman to pick Michael up from school and take him home. Instead, after picking Michael up from school on May 18, 1997, Gartman took him to a CCMHMRC respite facility that was a home in a residential neighborhood. Appellants alleged that, after Michael became agitated by the unfamiliar environment and the disruption in his schedule, Gartman "lost control of the situation" and called 9–1–1.

Officer Michael Nunns responded to the 9–1–1 call but did not recognize the house as a mental health facility. Gartman answered the door when Nunns arrived, and Michael was standing next to her. Nunns thought Michael was eighteen years old and weighed 185 pounds, twenty pounds heavier than Nunns. Before explaining the situation to Nunns, Gartman left to answer a telephone call, leaving Michael with Nunns. Nunns identified himself to Michael as a police officer. Michael became "very, very, very angry" and started walking toward the kitchen. Not knowing if Michael was the aggressor or victim, Nunns told him to stop. However, Michael entered the kitchen, and Nunns heard him opening and closing drawers, heard a "jingle sound of silverware," and "felt like he was going after a knife." Michael came out of the kitchen door very quickly, lunging with a knife within one

foot of Nunns's throat. Nunns backed away, told him to stop, and fired twice with a pistol when Michael lunged again. Both shots hit Michael, and he died. About nineteen seconds elapsed between Nunns's arrival and the shooting.

Appellants filed suit. Nunns, Glasscock, and Plano filed a motion for summary judgment based on official and sovereign immunity. Appellants' response included special exceptions and objections to the summary judgment evidence. Plano did not amend its motion. Before the hearing on the motion, the trial court dismissed Nunns and Glasscock pursuant to appellants' assertion in their response to Plano's motion that Nunns and Glasscock were nonsuited. During the hearing, the trial court overruled the special exceptions and objections to the evidence. Following the hearing, the trial court granted summary judgment in favor of Plano.

## SPECIAL EXCEPTIONS TO THE MOTION FOR SUMMARY JUDGMENT

In their first issue, appellants contend the trial court erred in overruling their special exceptions to Plano's motion for summary judgment and granting the motion.[3] Appellants complain that the summary judgment motion did not specify the grounds upon which it was based and that Plano was not immune from suit for the actions of Glasscock and Nunns. Appellants admit that the headings used in Plano's brief in support of its motion would have constituted sufficient grounds, if specified in the motion as the reasons for summary judgment. Plano responds that the grounds for its motion were specific but merely labeled as issues. Plano contends that its motion was specific on the grounds that Plano would be immune from suit if Nunns were immune, and, further, that because appellants' admission to the

---

**3.** In their first, third, and fourth issues, appellants contend that a specific error also caused an error in granting the motion for summary judgment. After we address the specific com-

plaints in those issues, we address the second issue in which appellants assert the trial court erred in granting the motion for summary judgment.

court that Nunns was immune created sovereign immunity for Plano, it was not error to overrule the special exceptions. Appellants reply that they did not admit Nunns was immune in their summary judgment response and that Glasscock provided another basis for Plano's vicarious liability.

### Admission of Official Immunity

■ Preliminarily, we consider whether Plano was required to prove the official immunity of its employees to seek sovereign immunity. First, as to liability for Glasscock's actions, appellants did not plead that Plano was vicariously liable for his actions. Therefore, because Plano was not being held accountable for his actions, it was not required to prove Glasscock had official immunity.

■ Second, as to liability for Nunns's actions, Plano contends statements of appellants' counsel at the hearing on the motion for summary judgment amount to a concession on the issue of Nunns's official immunity. Appellants' counsel made the following statements at the hearing:

[COUNSEL]: Officer Nunns has immunity, but the City of Plano does not. If Officer Nunns—if it was an ordinary person—could be found negligent. Could have been. If there was an action that could have been brought against Officer Nunns, then the City is liable and the immunity doesn't—doesn't flow from that.

. . . .

[COURT]: Your position that Officer Nunns is immune—I'm not trying to put words in your mouth—but it's your position that Officer Nunns is immune, but the City of Plano is not necessarily immune simply because the officer is; is that correct?"

[COUNSEL]: Right. That's correct.

4. Rule 11 provides in part:
  [N]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and

. . . .

[COURT]: You agree, do you not, that Mr. Nunns was not an ordinary citizen? He was . . . or is [ ] a police officer with the City of Plano; is that right?"

[COUNSEL]: That's right. . . . [He][h]as a government immunity.

■ Reasons for summary judgment and objections must be "expressly presented" in a written motion, answer to the motion, or other written response. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979). Parties may restrict or expand the issues "expressly presented" in writing if the change meets the requirements of rule of civil procedure 11.[4] *See id.* An oral waiver or agreement made in open court satisfies rule 11 if it is described in the judgment or an order of the court. *See id.* Here, however, the order granting the motion for summary judgment does not reflect any agreement on the issue of Nunns's governmental immunity. Therefore, counsel's statements at the hearing, standing alone, did not amount to a rule 11 exception and did not constitute a narrowing of the issues. *See id.; Herschbach v. City of Corpus Christi*, 883 S.W.2d 720, 733–34 (Tex.App.-Corpus Christi 1994, writ denied). Because appellants did not concede the issue of Nunns's immunity, we consider appellants' special exceptions to all Plano's grounds for Nunns's immunity and their issues concerning Glasscock's affidavit.

### Grounds for Summary Judgment

■ A motion for summary judgment must state the "specific grounds therefor." Tex.R. Civ. P. 166a(c). A "ground" is a reason the movant is entitled to summary judgment. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341

filed with the papers as a part of the record, or unless it be made in open court and entered of record.
Tex.R. Civ. P. 11.

(Tex.1993); BRYAN A. GARNER, A DICTIO-NARY OF MODERN LEGAL USAGE 261 (1987). The motion "must itself expressly present the grounds upon which it is made." *McConnell,* 858 S.W.2d at 341. To conclusively establish the essential elements of an affirmative defense, the motion must identify or address the defense and its elements. *See Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990). Failure to identify or address each element obscures the matters to be argued in support of the motion. *See McConnell,* 858 S.W.2d at 341.

■ In the motion for summary judgment, Plano recited only the nature of the action and facts and stated the following "issues":

A. Nunns is entitled to qualified or official immunity from suit.

B. Plaintiffs have failed to state a cause of action against Glasscock under the Texas Tort Claims Act.

C. Glasscock is entitled to qualified or official immunity from suit.

D. The City is entitled to judgment as a matter of law as Nunns and Glasscock are not personally liable to the Plaintiffs.

Appellants specially excepted to the motion, stating it did not set out the specific ground or grounds upon which Plano claimed summary judgment. The trial court overruled the special exceptions.[5]

■ Plano does not identify the affirmative defense of sovereign immunity or address its elements in its motion for summary judgment. Plano's affirmative defense of sovereign immunity is based on official immunity protecting its individual government employees from liability. *See University of Houston v. Clark,* 43 Tex. Sup.Ct. J. 874, 875, 2000 WL 768541, at *2 (June 15, 2000) (citing *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex. 1994)). When official immunity shields a government employee from liability, sovereign immunity shields the government employer from vicarious liability. *See Clark,* 43 Tex. Sup.Ct. J. at 875, 2000 WL 768541, at *2 (citing *DeWitt v. Harris County,* 904 S.W.2d 650, 653 (Tex.1995)). To show Plano had no vicarious liability for any negligence of Nunns, Plano had to show Nunns had official immunity. *See DeWitt,* 904 S.W.2d at 654. The elements of the official immunity defense are that the government employee (1) performs a discretionary duty, (2) in good faith, and (3) within the scope of the employee's authority. *See Chambers,* 883 S.W.2d at 653. Plano did not identify or address these elements. Thus, Plano's motion is insufficient to support summary judgment. *See McConnell,* 858 S.W.2d at 341; *Black,* 797 S.W.2d at 27. Plano's brief in support of its motion argues that it is immune from suit as a matter of law because Nunns and Glasscock are not personally liable to appellants. However, the Supreme Court of Texas, in *McConnell,* concluded that grounds must be expressly presented in the motion itself, not in a brief or summary judgment evidence. *McConnell,* 858 S.W.2d at 338, 340, 341 n. 4; *accord Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 175 (Tex.1995).

---

5. If a nonmovant wishes to complain on appeal that the movant's grounds were unclear or ambiguous, *McConnell* requires the nonmovant to file special exceptions. *McConnell,* 858 S.W.2d at 342–43. And although a nonmovant should file special exceptions when no grounds are expressly presented in the motion, exceptions are not required when the motion presents some grounds but not others. *See id.* Appellants filed written special exceptions, *see* TEX. RS. CIV. P. 90, 91; *McConnell,* 858 S.W.2d at 343 n. 7, and presented the exceptions to the court. The trial court im-

plicitly overruled appellants' special exceptions but did not sign a written order, nor is the ruling included in the summary judgment. *See* TEX.R.APP. P. 33.1(a) (in preserving complaints, trial court must "rule[ ] on the request, objection, or motion, either expressly or implicitly"); *Frazier v. Yu,* 987 S.W.2d 607, 609–10 (Tex.App.-Fort Worth 1999, pet. denied) (discussing substantive change of rule 33.1(a) in permitting preservation of error "as long as the record indicates in some way that the trial court ruled on the objection either expressly or implicitly").

Because the trial court improperly overruled appellants' special exceptions, we resolve appellants' first issue in their favor to the extent that the trial court erred in overruling the special exceptions.

## Summary Judgment Evidence

### Conclusiveness of the Affidavit

In their third issue, appellants contend the trial court erred in granting Plano's motion for summary judgment based on its consideration of Glasscock's affidavit. They contend the affidavit was insufficient because it merely stated his conclusions without stating the standard for good faith that is required to establish official immunity.

Whether a police officer acted in good faith must be measured against an objective standard of reasonableness, without regard to his subjective state of mind. See Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex.1997) (citing Chambers, 883 S.W.2d at 656). Whether the officer was negligent is immaterial in determining good faith. See Chambers, 883 S.W.2d at 656. Under Chambers, good faith depends on how a reasonably prudent officer could have assessed both the need to which an officer responds and the risks of the officer's course of action, based on the officer's perception of the facts at the time of the event. See Wadewitz, 951 S.W.2d at 467 (citing Chambers, 883 S.W.2d at 656). The "need" aspect of the test refers to the urgency of the circumstances requiring police intervention. The "risk" aspect of good faith refers to the countervailing public safety concerns and is determined by the nature and severity of harm that the officer's actions could cause, the likelihood that any harm would occur, and whether any risk of harm would be clear to a reasonably prudent officer. See Clark, 43 Tex. Sup.Ct. J. at 876, 2000 WL 768541, at *3 (citing Wadewitz, 951 S.W.2d at 467).

Conclusory statements by an expert are insufficient to support summary judgment. See Anderson v. Snider, 808 S.W.2d 54, 55 (Tex.1991) (per curiam) (op. on reh'g). Expert testimony on good faith must address what a reasonable officer could have believed under the circumstances and must be substantiated with facts showing the officer assessed both the need to apprehend the suspect and the risk of harm to the public. See Clark, 43 Tex. Sup.Ct. J. at 876, 2000 WL 768541, at *3 (citing Wadewitz, 951 S.W.2d at 467). "[C]onclusory statements that a reasonable officer could or could not have taken some action will neither establish good faith on summary judgment nor raise a fact issue to defeat summary judgment." Clark, 43 Tex. Sup.Ct. J. at 876, 2000 WL 768541, at *3; see State v. McGeorge, 925 S.W.2d 105, 109 (Tex.App.-Houston [14th Dist.] 1996, writ denied).

In his affidavit, Glasscock stated his law enforcement experience and that he was "familiar with standard operating procedures for the Plano Police Department and ha[d] 28 years experience and training as a police officer dealing with confrontations which threaten a serious bodily injury." Further, Glasscock stated that he reviewed Nunns's deposition and the petition, and

It is my opinion that a reasonable police officer in Michael Nunns'[s] position . . . could have reasonably believed that deadly force was necessary out of self defense in connection with the incident that occurred with Michael Clement. It is further my opinion that Officer Nunns complied with all policies, procedures, and regulations of the Plano Police Department at all times during the incident in question. It is my opinion that all of the actions of Officer Nunns, taken in connection with the incident in question, were undertaken in good faith.

While Glasscock's affidavit assesses Nunns's need to defend himself from Michael, it does not assess the risk to Michael of Nunns's action. Glasscock's affidavit does not state facts showing, in these circumstances, the nature and severity of

the harm Nunns's actions could cause, the likelihood any harm would occur, and whether any risk of harm would be clear to a reasonably prudent officer. *See Clark*, 43 Tex. Sup.Ct. J. at 877, 2000 WL 768541, at *6; *Wadewitz*, 951 S.W.2d at 467. Glasscock's affidavit states legal conclusions rather than facts on the issue of good faith and does not support summary judgment as a matter of law. *See Clark*, 43 Tex. Sup.Ct. J. at 879–80, 2000 WL 768541, at *7–8; *Anderson*, 808 S.W.2d at 55. This defect in substance may be raised for the first time on appeal. *See City of Wilmer v. Laidlaw Waste Sys. (Dallas), Inc.*, 890 S.W.2d 459, 467 (Tex.App.-Dallas), *aff'd*, 904 S.W.2d 656, 660–61 (Tex.1995). Therefore, we resolve in appellants' favor the part of their third issue complaining that Glasscock's affidavit does not provide summary judgment evidence to support the judgment.

### Other Objections to the Affidavit

■ In their fourth issue, appellants argue the trial court erred in overruling their objections that Glasscock's affidavit was incompetent because there was a conflict in the evidence and Glasscock was an interested witness, and then considering the affidavit in granting Plano's motion. Because we conclude Glasscock's affidavit is conclusory and does not support summary judgment, we need not address whether the evidence is contradictory. However, we address appellants' objection to Glasscock as a witness. Glasscock is not precluded from being an expert witness in this cause because of an interest in this case. The testimony of an interested witness or an expert will support summary judgment only if it is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R. CIV. P. 166a(c). Good faith is an opinion that can be controverted by other expert opinion. *See Texas Dep't of Pub. Safety v. Tanner*, 928 S.W.2d 731, 736 (Tex.App.-San Antonio 1996, no writ); *City of San Antonio v. Bynum*, 937 S.W.2d 596, 599 (Tex.App.-San Antonio 1996, no writ). Therefore, Glasscock was an appropriate expert witness. Accordingly, we resolve appellants' fourth issue against them.

### THE SUMMARY JUDGMENT

In appellants' second issue and in part of their first and third issues, they complain that the trial court erred in granting Plano's motion for summary judgment. The standard for reviewing a summary judgment is well established. The party moving for summary judgment has the burden of showing that, except for the amount of damages, no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). A defendant moving for summary judgment on an affirmative defense must plead and conclusively establish each essential element of an affirmative defense. *See City of Houston*, 589 S.W.2d at 678–79; *Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 657 (Tex.App.-Dallas 1992, no writ). A motion for summary judgment must state the grounds on which judgment is sought. *See* TEX.R. CIV. P. 166a(c); *McConnell*, 858 S.W.2d at 341. To determine if the trial court erred in granting the motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovant, resolving doubts and indulging all reasonable inferences in favor of the nonmovant. *See Nixon*, 690 S.W.2d at 548–49. We do not consider evidence favoring the movant unless it is uncontroverted. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

■ First, we have concluded that Plano did not identify or address the affirmative defense of sovereign immunity and its elements in its motion for summary judgment. Second, we have determined that Glasscock's affidavit did not establish official immunity for Nunns because of its

conclusory statements. Finally, the other testimonial evidence provided by Nunns's deposition does not state facts showing the *Wadewitz* risk factors. Therefore, there is no summary judgment evidence establishing Nunns's good faith as a matter of law. Because Plano did not plead and prove each essential element of its affirmative defense, the trial court improperly granted summary judgment in Plano's favor. Accordingly, we resolve appellants' first, second, and third issues in their favor.

## CONCLUSION

Having resolved appellants' first, second, and third issues in their favor, we reverse the trial court's judgment and remand this cause for further proceedings.