NO. 07-04-0231-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 23, 2004

_____

IN RE SCCI HOSPITAL VENTURES, INC.,
AKA SCCI HOSPITAL–AMARILLO, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS**

Relator SCCI Hospital Venture, Inc., a/k/a SCCI Hospital–Amarillo seeks a writ of mandamus to compel the Honorable Patrick A. Pirtle, Judge of the 251st District Court of Potter County, to vacate his order granting real party in interest Juanita Sparkman Brown's Motion to Certify Compliance of Expert Report with article 4590i and denying SCCI's Motion to Disqualify Expert Witnesses and Dismiss.[1] SCCI also requests we compel Judge Pirtle to enter an order dismissing Brown's claims with prejudice. Although we held in In

---

[1]Article 4590i of the Medical Liability and Insurance Improvement Act was repealed and now is codified at Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001 - 74.507 (Vernon Pamph. Supp. 2004-05). *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 864. Because the underlying case was filed prior to September 1, 2003, the former Act applies.

re Windisch, 138 S.W.3d 507 (Tex.App.–Amarill0 2004, orig. proceeding), that mandamus relief was available under the record presented, considering the record before the trial court in the underlying case and the rules and principles applicable to the extraordinary writ of mandamus, we deny the petition.

Mary Elizabeth Stovall, as next friend of real party in interest Brown, filed suit alleging that Brown was injured by the negligence of SCCI acting through its agents or employees. Brown, 77 at the time of her admission to SCCI, was diagnosed with syncope, shortness of breath, back pain, and status post. Due in part to her morbid obesity and the need for pain medication, her doctor ordered that she be placed on fall risk. Her medical record shows two prior falls from her hospital bed and a third fall which resulted in the injuries for which she sued SCCI. Specifically, Brown contended SCCI was negligent in failing to implement and follow an adequate, specific, and clear fall prevention plan and/or in failing to monitor and respond to her attempt to get out of bed when she fell.

To comply with former section 13.01(d) of the Act, Brown filed two expert reports within 180 days of the filing of her health care liability claim. One report was prepared by Dr. Robert J. Phillips, D.O., and the other was from Bradley K. Proctor, R.N. Section 13.01(r)(6) defines an expert report as follows:

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

2

## Procedural History

Brown filed suit on April 30, 2003, and on August 22, filed her notice of filing expert reports of Dr. Robert Phillips and Nurse Bradley Proctor. The reports were accompanied by each expert's curriculum vitae. The certificate of service indicates that SCCI received facsimile copies of the documents on August 21, 2003. On September 11, 2003, before expiration of the 180-day deadline, Brown filed a motion to certify compliance of her expert reports with the requirements of article 4590i. By its response filed on October 3, 2003, SCCI did not challenge nor object to the adequacy of the expert reports nor the experts' qualifications but instead, argued that article 4590i did not authorize pre-certification of an expert report because a defendant had no duty to point out deficiencies in an expert report within the 180-day period for filing a report.[2] The trial court granted Brown's motion to certify on October 20, reciting that the reports and curriculum vitae complied with the Act and also providing that no future motion to dismiss challenging the adequacy of the reports would be entertained.

Thereafter, on February 9, 2004, SCCI filed a motion to disqualify Brown's expert witnesses and dismiss the case with prejudice as provided by section 13.01(e) of the Act.[3]

---

[2]*See* Denson v. T.D.C.J.-I.D., 2003 WL 21254862, (Tex.App.–Tyler 2003, no pet. h.); Villa v. Hargrove, 110 S.W.3d 74 (Tex.App.–San Antonio 2003, pet. denied); Doades v. Syed, 94 S.W.3d 671 (Tex.App.–San Antonio 2002, no pet.).

[3]Section 13.01(e) does not define the term "motion" as used in that context nor set out the requirements of a motion to dismiss.

By its motion, SCCI set forth the relevant portions of section 13.01 regarding expert reports and 14.01 regarding qualifications of expert witnesses. Under the subheading "Facts," SCCI provided a procedural timeline and then in its argument asserted:

> [t]hus, under these provisions, [Brown] was required to file an expert report by a qualified expert within six (6) months after the claim was filed or the court is statutorily obligated to enter an order dismissing the action with prejudice and awarding attorney [sic] fees and costs. The reports of Dr. Phillips and Nurse Proctor fail to meet the standard.

Other than SCCI's conclusory statement that the reports did not "meet the standard," no specific challenges were presented regarding their adequacy or the experts' qualifications. Finally, SCCI prayed that the case be dismissed with prejudice. Notwithstanding the order of October 20, which provided that no future motion to dismiss challenging the adequacy of the reports would be entertained, the trial court heard SCCI's motion to disqualify expert witnesses and dismiss, and after "considering the" motion, on March 27, 2004 signed its order denying it. The order does not reference the October 20 order.

**Standard of Review**

Mandamus, as distinguished from an ordinary appeal, is an extraordinary remedy available only in limited circumstances where the trial court violates a duty imposed by law or clearly abuses its discretion and when there is no other adequate remedy at law. CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996); Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). The party seeking relief must establish both the absence of an adequate

4

remedy by appeal and the trial court's abuse of discretion. In re Bay Area Citizens Against Lawsuit Abuse, 982 S.W.2d 371, 375 (Tex. 1998). A court of appeals acts in excess of its writ power when it grants mandamus relief absent these circumstances. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). According to In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998),

> in determining whether mandamus should issue, we cannot plumb the subjective reasoning of the trial court. We must focus on the record that was before the court and whether the decision was not only arbitrary but also amounted "to a clear and prejudicial error of law."

A trial court's ruling on a motion to dismiss a health care liability claim is reviewed for abuse of discretion. *See* Bowie v. Memorial Hospital v. Wright, 79 S.W.3d 48, 52 (Tex. 2002); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S., 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). There is no abuse, however, simply because a trial court may decide a matter within its discretion differently than an appellate court. *Id.* When reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its own judgment for that of the trial court, thus insulating the trial court's decision from appellate second guessing. *Bowie*, 79 S.W.3d at 52.

A relator challenging a trial court's ruling as an abuse of discretion labors under a heavy burden. *Johnson*, 700 S.W.2d at 917. The relator must establish that under the circumstances of the case, the facts and law permit the trial court to make but one decision. *Id.* This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving the exercise of discretion. *Id.*

## Analysis

By the issue raised in this mandamus proceeding, SCCI contends the "trial court abused its discretion by granting Plaintiff's Motion to Certify Compliance of Expert Report with Article 4590i and denying SCCI's Motion to Disqualify Expert Witnesses and Dismiss." By her response to SCCI's petition, Brown asserts that mandamus relief is not appropriate under the circumstances presented. She also addresses the statutory requirements of an expert report and details how Dr. Phillips's and Nurse Proctor's reports comply with article 4590i.

### SCCI's Challenge to Experts' Qualifications

By its motion to disqualify expert witnesses under section 14.01 filed on February 9, 2004, SCCI sought to disqualify Brown's experts. In response, Brown urged that SCCI's unreasonable delay in challenging the expert reports by waiting until February 2004 to file its motion to disqualify the experts and dismiss the case should bar it from mandamus

6

relief on the equitable principle of laches.[4]  Section 14.01(e) of the Act provides in relevant part:

> [a] pretrial objection to the qualifications of a witness under this section must be made not later than the later of the 21st day after the date the objecting party receives a copy of the witness's curriculum vitae or the date of the witness's deposition.

According to the limited record presented here, SCCI received copies of the expert reports and the experts' curriculum vitae on August 21, 2003, and there is nothing in the record to indicate depositions were taken.  Thus, any challenge to the experts' qualifications were due on or before September 11, 2003.  SCCI did not, however, challenge the experts' qualifications until February 9, 2004, well outside the statutory 21-day deadline.  Thus, mandamus relief is not available on SCCI's challenge to the experts' qualifications.

Motion to Dismiss–Section 13.01(e)

On the motion of an affected physician or health care provider, section 13.01(e) provides that the trial court shall dismiss an action if the claimant fails to comply with subsection (d).  The statute does not set out any requirements for a motion; however, Rule 21 of the Texas Rules of Civil Procedure requires that every motion be in writing and state

---

[4]As SCCI urged in its response to Brown's motion to certify, there is no duty under the Act for a defendant to raise deficiencies in a plaintiff's expert report prior to the expiration of the 180-day deadline.  *See Villa*, 110 S.W.3d at 80; *Doades*, 94 S.W.3d at 672.

7

the grounds therefor.[5]   In this context, the term grounds means the reasons the movant claims entitlement to the requested relief.  Clement v, City of Plano, 26 S.W.3d 544, 549 (Tex.App.--Dallas 2000, no pet.).

By its petition, SCCI contends the expert reports are deficient because, among other reasons, (1) they do not set forth a specific standard of care for nurses or hospitals, (2) how the standard was breached, or (3) how the breach resulted in the injury. Notwithstanding these reasons presented here, by its motion in the trial court, SCCI did not identify or specify these or any other reasons or grounds supporting its broad contention that the reports did not satisfy all the requirements of the Act.  Because SCCI did not raise these grounds by its motion in the trial court, it is not in a position to raise the issues *via* mandamus.  Neville v. Brewster, 352 S.W.2d 449, 451 (Tex. 1961).  Focusing on the silent record before the trial court and presented here, because the record does not show the grounds or reasons for SCCI's motion to dismiss and the order of dismissal does not state the subjective reasoning of the trial court, we conclude SCCI has not met its burden to demonstrate that the ruling of the trial court was arbitrary and amounted to a clear and prejudicial error of law.  *Bristol-Myers Squibb Co.*, 975 S.W.2d at 605.

We have not overlooked SCCI's contention that the trial court abused its discretion in granting Brown's motion to certify compliance with article 4590i by its October 20 order.

---

[5]ral motions may be presented at trial or in a hearing.  However, because the record here does not include a reporter's record, it is silent as to oral motions.

However, because SCCI presents no argument as required by Rule 53.2(i) of the Texas Rules of Appellate Procedure in support of its claim, the contention is waived. Moreover, SCCI was not denied the opportunity to present and be heard on its motion to dismiss. To the contrary, the record shows that SCCI's motion to dismiss was filed, heard, and considered by the trial court notwithstanding the October 20, 2003 order.[6]

Accordingly, the petition for writ of mandamus is denied.

Don H. Reavis
Justice

---

[6]We express no opinion regarding the motion utilized by Brown to have her expert reports certified as complying with the Act.