NO. 07-04-0231-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D


 

SEPTEMBER 23, 2004



______________________________




IN RE SCCI HOSPITAL VENTURES, INC.,


AKA SCCI HOSPITAL-AMARILLO, RELATOR



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS


 Relator SCCI Hospital Venture, Inc., a/k/a SCCI Hospital-Amarillo seeks a writ of
mandamus to compel the Honorable Patrick A. Pirtle, Judge of the 251st District Court of
Potter County, to vacate his order granting real party in interest Juanita Sparkman Brown's
Motion to Certify Compliance of Expert Report with article 4590i and denying SCCI's
Motion to Disqualify Expert Witnesses and Dismiss. (1) SCCI also requests we compel Judge
Pirtle to enter an order dismissing Brown's claims with prejudice. Although we held in In
re Windisch, 138 S.W.3d 507 (Tex.App.-Amarill0 2004, orig. proceeding), that mandamus
relief was available under the record presented, considering the record before the trial
court in the underlying case and the rules and principles applicable to the extraordinary writ
of mandamus, we deny the petition. 

 Mary Elizabeth Stovall, as next friend of real party in interest Brown, filed suit
alleging that Brown was injured by the negligence of SCCI acting through its agents or
employees. Brown, 77 at the time of her admission to SCCI, was diagnosed with syncope,
shortness of breath, back pain, and status post. Due in part to her morbid obesity and the
need for pain medication, her doctor ordered that she be placed on fall risk. Her medical
record shows two prior falls from her hospital bed and a third fall which resulted in the
injuries for which she sued SCCI. Specifically, Brown contended SCCI was negligent in
failing to implement and follow an adequate, specific, and clear fall prevention plan and/or
in failing to monitor and respond to her attempt to get out of bed when she fell. 

 To comply with former section 13.01(d) of the Act, Brown filed two expert reports
within 180 days of the filing of her health care liability claim. One report was prepared by
Dr. Robert J. Phillips, D.O., and the other was from Bradley K. Proctor, R.N. Section
13.01(r)(6) defines an expert report as follows:

 a written report by an expert that provides a fair summary of the expert's
opinions as of the date of the report regarding applicable standards of care,
the manner in which the care rendered the physician or health care provider
failed to meet the standards, and the causal relationship between that failure
and the injury, harm, or damages claimed.


Procedural History


 Brown filed suit on April 30, 2003, and on August 22, filed her notice of filing expert
reports of Dr. Robert Phillips and Nurse Bradley Proctor. The reports were accompanied
by each expert's curriculum vitae. The certificate of service indicates that SCCI received
facsimile copies of the documents on August 21, 2003. On September 11, 2003, before
expiration of the 180-day deadline, Brown filed a motion to certify compliance of her expert
reports with the requirements of article 4590i. By its response filed on October 3, 2003,
SCCI did not challenge nor object to the adequacy of the expert reports nor the experts'
qualifications but instead, argued that article 4590i did not authorize pre-certification of an
expert report because a defendant had no duty to point out deficiencies in an expert report
within the 180-day period for filing a report. (2) The trial court granted Brown's motion to
certify on October 20, reciting that the reports and curriculum vitae complied with the Act
and also providing that no future motion to dismiss challenging the adequacy of the reports
would be entertained. 

 Thereafter, on February 9, 2004, SCCI filed a motion to disqualify Brown's expert
witnesses and dismiss the case with prejudice as provided by section 13.01(e) of the Act. (3)
By its motion, SCCI set forth the relevant portions of section 13.01 regarding expert reports
and 14.01 regarding qualifications of expert witnesses. Under the subheading "Facts,"
SCCI provided a procedural timeline and then in its argument asserted:

 [t]hus, under these provisions, [Brown] was required to file an expert report
by a qualified expert within six (6) months after the claim was filed or the
court is statutorily obligated to enter an order dismissing the action with
prejudice and awarding attorney [sic] fees and costs. The reports of Dr.
Phillips and Nurse Proctor fail to meet the standard.


Other than SCCI's conclusory statement that the reports did not "meet the standard," no
specific challenges were presented regarding their adequacy or the experts' qualifications. 
Finally, SCCI prayed that the case be dismissed with prejudice. Notwithstanding the order
of October 20, which provided that no future motion to dismiss challenging the adequacy
of the reports would be entertained, the trial court heard SCCI's motion to disqualify expert
witnesses and dismiss, and after "considering the" motion, on March 27, 2004 signed its
order denying it. The order does not reference the October 20 order.

Standard of Review


 Mandamus, as distinguished from an ordinary appeal, is an extraordinary remedy
available only in limited circumstances where the trial court violates a duty imposed by law
or clearly abuses its discretion and when there is no other adequate remedy at law. CSR
Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996); Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992). The party seeking relief must establish both the absence of an adequate
remedy by appeal and the trial court's abuse of discretion. In re Bay Area Citizens Against
Lawsuit Abuse, 982 S.W.2d 371, 375 (Tex. 1998). A court of appeals acts in excess of its
writ power when it grants mandamus relief absent these circumstances. Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). According to In re Bristol-Myers
Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998), 

 in determining whether mandamus should issue, we cannot plumb the
subjective reasoning of the trial court. We must focus on the record that was
before the court and whether the decision was not only arbitrary but also
amounted "to a clear and prejudicial error of law."


 A trial court's ruling on a motion to dismiss a health care liability claim is reviewed
for abuse of discretion. See Bowie v. Memorial Hospital v. Wright, 79 S.W.3d 48, 52 (Tex.
2002); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex.
2001). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner
without reference to any guiding rules or principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S., 106 S.Ct. 2279, 90
L.Ed.2d 721 (1986). There is no abuse, however, simply because a trial court may decide
a matter within its discretion differently than an appellate court. Id. When reviewing
matters committed to the trial court's discretion, a court of appeals may not substitute its
own judgment for that of the trial court, thus insulating the trial court's decision from
appellate second guessing. Bowie, 79 S.W.3d at 52. 

 A relator challenging a trial court's ruling as an abuse of discretion labors under a
heavy burden. Johnson, 700 S.W.2d at 917. The relator must establish that under the
circumstances of the case, the facts and law permit the trial court to make but one
decision. Id. This determination is essential because mandamus will not issue to control
the action of a lower court in a matter involving the exercise of discretion. Id. 

Analysis


 By the issue raised in this mandamus proceeding, SCCI contends the "trial court
abused its discretion by granting Plaintiff's Motion to Certify Compliance of Expert Report
with Article 4590i and denying SCCI's Motion to Disqualify Expert Witnesses and Dismiss." 
By her response to SCCI's petition, Brown asserts that mandamus relief is not appropriate
under the circumstances presented. She also addresses the statutory requirements of an
expert report and details how Dr. Phillips's and Nurse Proctor's reports comply with article
4590i.

SCCI's Challenge to Experts' Qualifications


 By its motion to disqualify expert witnesses under section 14.01 filed on February
9, 2004, SCCI sought to disqualify Brown's experts. In response, Brown urged that SCCI's
unreasonable delay in challenging the expert reports by waiting until February 2004 to file
its motion to disqualify the experts and dismiss the case should bar it from mandamus
relief on the equitable principle of laches. (4) Section 14.01(e) of the Act provides in relevant
part:

 [a] pretrial objection to the qualifications of a witness under this section must
be made not later than the later of the 21st day after the date the objecting
party receives a copy of the witness's curriculum vitae or the date of the
witness's deposition. 


According to the limited record presented here, SCCI received copies of the expert reports
and the experts' curriculum vitae on August 21, 2003, and there is nothing in the record to
indicate depositions were taken. Thus, any challenge to the experts' qualifications were
due on or before September 11, 2003. SCCI did not, however, challenge the experts'
qualifications until February 9, 2004, well outside the statutory 21-day deadline. Thus,
mandamus relief is not available on SCCI's challenge to the experts' qualifications.

Motion to Dismiss-Section 13.01(e)





 On the motion of an affected physician or health care provider, section 13.01(e)
provides that the trial court shall dismiss an action if the claimant fails to comply with
subsection (d). The statute does not set out any requirements for a motion; however, Rule
21 of the Texas Rules of Civil Procedure requires that every motion be in writing and state
the grounds therefor. (5) In this context, the term grounds means the reasons the movant
claims entitlement to the requested relief. Clement v, City of Plano, 26 S.W.3d 544, 549
(Tex.App.--Dallas 2000, no pet.). 

 By its petition, SCCI contends the expert reports are deficient because, among other
reasons, (1) they do not set forth a specific standard of care for nurses or hospitals, (2)
how the standard was breached, or (3) how the breach resulted in the injury.
Notwithstanding these reasons presented here, by its motion in the trial court, SCCI did not
identify or specify these or any other reasons or grounds supporting its broad contention
that the reports did not satisfy all the requirements of the Act. Because SCCI did not raise
these grounds by its motion in the trial court, it is not in a position to raise the issues via
mandamus. Neville v. Brewster, 352 S.W.2d 449, 451 (Tex. 1961). Focusing on the silent
record before the trial court and presented here, because the record does not show the
grounds or reasons for SCCI's motion to dismiss and the order of dismissal does not state
the subjective reasoning of the trial court, we conclude SCCI has not met its burden to
demonstrate that the ruling of the trial court was arbitrary and amounted to a clear and
prejudicial error of law. Bristol-Myers Squibb Co., 975 S.W.2d at 605.

 We have not overlooked SCCI's contention that the trial court abused its discretion
in granting Brown's motion to certify compliance with article 4590i by its October 20 order. 
However, because SCCI presents no argument as required by Rule 53.2(i) of the Texas
Rules of Appellate Procedure in support of its claim, the contention is waived. Moreover,
SCCI was not denied the opportunity to present and be heard on its motion to dismiss. To
the contrary, the record shows that SCCI's motion to dismiss was filed, heard, and
considered by the trial court notwithstanding the October 20, 2003 order. (6) 

 Accordingly, the petition for writ of mandamus is denied.

 Don H. Reavis

 Justice


 
1. Article 4590i of the Medical Liability and Insurance Improvement Act was repealed
and now is codified at Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001 - 74.507 (Vernon
Pamph. Supp. 2004-05). See Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003
Tex. Gen. Laws 864. Because the underlying case was filed prior to September 1, 2003,
the former Act applies.
2. See Denson v. T.D.C.J.-I.D., 2003 WL 21254862, (Tex.App.-Tyler 2003, no pet.
h.); Villa v. Hargrove, 110 S.W.3d 74 (Tex.App.-San Antonio 2003, pet. denied); Doades
v. Syed, 94 S.W.3d 671 (Tex.App.-San Antonio 2002, no pet.).
3. Section 13.01(e) does not define the term "motion" as used in that context nor set
out the requirements of a motion to dismiss. 
4. As SCCI urged in its response to Brown's motion to certify, there is no duty under
the Act for a defendant to raise deficiencies in a plaintiff's expert report prior to the
expiration of the 180-day deadline. See Villa, 110 S.W.3d at 80; Doades, 94 S.W.3d at
672.
5. ral motions may be presented at trial or in a hearing. However, because the record
here does not include a reporter's record, it is silent as to oral motions.
6. We express no opinion regarding the motion utilized by Brown to have her expert
reports certified as complying with the Act.