BAHR V. STATE






NO. 07-07-0328-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 10, 2009

______________________________


GEORGE WILLIAM BAHR,
 
                                                                                                 Appellant

v.

THE STATE OF TEXAS,
 
                                                                                                 Appellee
________________________________

FROM THE 47th DISTRICT COURT OF RANDALL COUNTY;

NO. 18125-A; HON. RICHARD DAMBOLD, PRESIDING
_______________________________

Concurring Opinion
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          I concur in the opinion and judgment rendered by the majority but write separately
to address a concern of mine. That concern relates to the potential for abuse related to
accusing one of using or exhibiting a deadly weapon to enhance the nature or punishment
of a crime. 
          As noted in the court’s opinion, appellant was charged with using, as opposed to
exhibiting, a deadly weapon during the commission of the crime. Furthermore, to prove
that allegation, the State must establish, at a minimum, that the weapon’s presence
facilitated the associated crime. Gale v. State, 998 S.W.2d 221, 224-25 (Tex. Crim. App.
1999). In other words, presence or possession of a weapon alone is not enough. There
must be a link between the weapon and crime. 
          The difficulty in proving the aforementioned link may well vary upon the nature of
the crime and weapon involved, however. For instance, courts have long recognized that
firearms and the peddling of drugs tend to go hand in hand; indeed, that realization is often
cited as an indicia justifying an officer’s decision to conduct a pat-down when investigating
a crime involving drugs. See Wilson v. State, 132 S.W.3d 695, 699 (Tex. App.–Amarillo
2004, pet. ref’d) (recognizing the link between drugs and the presence of firearms when
determining the legitimacy of a pat-down for officer safety). So, it is not an unreasonable
leap to infer from the presence of a firearm within the close vicinity of drugs that the
weapon somehow facilitated the possession and/or sale of such contraband. See Gale v.
State, 998 S.W.2d at 225 (finding the requisite link given the proximity of the firearms to
the drugs and the testimony that drug dealers often use guns to protect their illicit goods). 
Yet, if the supposed deadly weapon was a butcher knife found lying in a kitchen drawer
while the drugs lie in a bedroom or when the crime involves child pornography on a
computer located next to a gun cabinet the link may be somewhat harder to establish. 
          Simply put, caution must be taken to insure the presence of the requisite link
discussed above. Without more, an accused’s legitimate possession of a firearm in his
house does not entitle the State to a deadly weapon finding because the underlying crime
occurred in the house. And, I fear that some of what I have read may be ignoring this.
Finally, that the majority took the requisite caution here is something I cannot dispute. 
 
                                                                           Brian Quinn
                                                                          Chief Justice

Publish. 



ered by Ole
Brook name other entities as the contracting parties and recipient of the services
undertaken. Ole Brook moved for summary judgment against Sundance and attempted
to ameliorate this discrepancy regarding the actual parties to the contract by having its
“agent” attest that while the documents name other entities, the contracts are “in fact
between Ole Brook . . . and Sundance Resources, Inc.”
          In response to the motion, Sundance uttered, in writing, various special exceptions
to it. The trial court overruled those exceptions, granted the motion, awarded Ole Brook
approximately $284,000 in damages, $94,000 in attorney’s fees, and foreclosure upon its
purported mechanics and materialmen’s lien. Thereafter, Sundance appealed. 
          Special Exceptions
          Sundance initially complained of the trial court’s failure to grant its special
exceptions to the motion for summary judgment. Through those exceptions, it asserted
that Ole Brook “alleged four separate causes of actions/claims in its petition” and that it
“has failed to identify the elements of any of its claims, and . . . failed to cite any authority
as the basis for which it moved for summary judgment.” We sustain the issue.
          Whether the trial court erred in overruling the exceptions depends on whether it
abused its discretion. Baylor University v. Sonnichsen, 221 S.W.3d 632, 635 (Tex. 2007).
We also note that a motion for summary judgment must state the specific grounds upon
which it is sought. Tex. R. Civ. P. 166a(c); Clement v. City of Plano, 26 S.W.3d 544, 549
(Tex. App.–Dallas 2000), overruled on other grounds by Telthorster v. Tennell, 92 S.W.3d
457 (Tex. 2002). Those grounds must be expressly stated in the motion itself and not in
the brief (unless the brief is incorporated into the motion) or in the summary judgment
evidence. Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997);
Madisonville State Bank v. Canterbury, Stuber, Elder, Gooch & Surratt, P.C., 209 S.W.3d
254, 259 (Tex. App.–Dallas 2006, no pet.).  
          Ole Brook’s original petition encompassed allegations involving breached contract,
sworn account, lien foreclosure, and the recovery of attorney’s fees. However, via its
summary judgment, Ole Brook merely alleged the existence of a contract between it and
Sundance and that pursuant to the contract, Sundance became obligated to pay it a
specific amount of money upon which there remained an unpaid balance. It did not state
the basis upon which it sought summary judgment, that is, whether it was seeking recovery
via a sworn account or through a claim of breach of contract. Nor did it address either the
element underlying a claim for breached contract or illustrate that it performed as required.


 
See Clement v. City of Plano, 26 S.W.3d at 550 (finding the motion insufficient to support
summary judgment when the movant failed to identify or address the elements of its
affirmative defense in its motion as opposed to its brief). Thus, Ole Brook’s motion failed
to specifically set forth the grounds for summary judgment, and the trial court abused its
discretion in failing to sustain the special exceptions.
          Party to the Contracts
          Sundance also posited that a material question of fact existed as to whether it was
a party to and liable under the contracts at issue. As previously mentioned, the documents
named other entities as the obligors, though Sundance was mentioned as the property
owner. Furthermore, Sundance, via the affidavit of its chief operating officer, stated that
it was neither affiliated nor in privity with the named obligors. And, while Ole Brook’s agent
stated that Sundance was actually the contracting party, his statement was conclusory. 
Eberstein v. Hunter, 260 S.W.3d 626, 630 (Tex. App.–Dallas 2008, no pet.) (stating that
conclusory factual statements are not competent summary judgment evidence). No effort
was made to explain how the names of the other entities came to appear on the contracts
if Sundance was truly the responsible party. In sum, and at the very least, there existed
a material issue of fact regarding the identity of the contractual obligors, and because one
existed, the trial court could not enter summary judgment for Ole Brook as a matter of law.
          Accordingly, the final summary judgment is reversed and the cause is remanded.
 
                                                                           Brian Quinn
                                                                          Chief Justice