NO. 07-08-0012-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 20, 2009
_____

SUNDANCE RESOURCES, INC.,

Appellant

v.

OLE BROOK ENERGY SERVICES, INC.,

Appellee
_____

FROM THE 413TH DISTRICT COURT OF JOHNSON COUNTY;

NO. C200700069; HON. WILLIAM C. BOSWORTH, JR., PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Sundance Resources, Inc. (Sundance) appealed from a summary judgment granted in favor of Ole Brook Energy Services, Inc. (Ole Brook) for money owed under a contract for oil well services and materials. Though fourteen issues were raised by Sundance, we address only two because they are dispositive. The first concerned the trial court's refusal to sustain Sundance's special exceptions to the motion for summary judgment. The

second involved whether Ole Brook established, as a matter of law, that it had contracted with Sundance. And, upon considering those issues, we reverse the summary judgment.

The dispute before us arose from Ole Brook's alleged provision of well services to Sundance and the latter's responsibility to pay for them. Though Sundance was alleged to be the owner of the property in question, the contracts (work orders) proffered by Ole Brook name other entities as the contracting parties and recipient of the services undertaken. Ole Brook moved for summary judgment against Sundance and attempted to ameliorate this discrepancy regarding the actual parties to the contract by having its "agent" attest that while the documents name other entities, the contracts are "in fact between Ole Brook . . . and Sundance Resources, Inc."

In response to the motion, Sundance uttered, in writing, various special exceptions to it. The trial court overruled those exceptions, granted the motion, awarded Ole Brook approximately $284,000 in damages, $94,000 in attorney's fees, and foreclosure upon its purported mechanics and materialmen's lien. Thereafter, Sundance appealed.

*Special Exceptions*

Sundance initially complained of the trial court's failure to grant its special exceptions to the motion for summary judgment. Through those exceptions, it asserted that Ole Brook "alleged four separate causes of actions/claims in its petition" and that it "has failed to identify the elements of any of its claims, and . . . failed to cite any authority as the basis for which it moved for summary judgment." We sustain the issue.

Whether the trial court erred in overruling the exceptions depends on whether it abused its discretion. *Baylor University v. Sonnichsen,* 221 S.W.3d 632, 635 (Tex. 2007). We also note that a motion for summary judgment must state the specific grounds upon

2

which it is sought. TEX. R. CIV. P. 166a(c); *Clement v. City of Plano,* 26 S.W.3d 544, 549 (Tex. App.–Dallas 2000), *overruled on other grounds by Telthorster v. Tennell,* 92 S.W.3d 457 (Tex. 2002). Those grounds must be expressly stated in the motion itself and not in the brief (unless the brief is incorporated into the motion) or in the summary judgment evidence. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex. 1997); *Madisonville State Bank v. Canterbury, Stuber, Elder, Gooch & Surratt, P.C.,* 209 S.W.3d 254, 259 (Tex. App.–Dallas 2006, no pet.).

Ole Brook's original petition encompassed allegations involving breached contract, sworn account, lien foreclosure, and the recovery of attorney's fees. However, via its summary judgment, Ole Brook merely alleged the existence of a contract between it and Sundance and that pursuant to the contract, Sundance became obligated to pay it a specific amount of money upon which there remained an unpaid balance. It did not state the basis upon which it sought summary judgment, that is, whether it was seeking recovery via a sworn account or through a claim of breach of contract. Nor did it address either the element underlying a claim for breached contract or illustrate that it performed as required.[1] *See Clement v. City of Plano,* 26 S.W.3d at 550 (finding the motion insufficient to support summary judgment when the movant failed to identify or address the elements of its affirmative defense in its motion as opposed to its brief). Thus, Ole Brook's motion failed to specifically set forth the grounds for summary judgment, and the trial court abused its discretion in failing to sustain the special exceptions.

---

[1]The affidavit of Jamie Jones did state that Ole Brook had performed all of its obligations under the contract. However, as already stated, we may not look to the evidence in determining whether Ole Brook has specifically set forth the grounds for its motion.

*Party to the Contracts*

Sundance also posited that a material question of fact existed as to whether it was a party to and liable under the contracts at issue. As previously mentioned, the documents named other entities as the obligors, though Sundance was mentioned as the property owner. Furthermore, Sundance, via the affidavit of its chief operating officer, stated that it was neither affiliated nor in privity with the named obligors. And, while Ole Brook's agent stated that Sundance was actually the contracting party, his statement was conclusory. *Eberstein v. Hunter,* 260 S.W.3d 626, 630 (Tex. App.–Dallas 2008, no pet.) (stating that conclusory factual statements are not competent summary judgment evidence). No effort was made to explain how the names of the other entities came to appear on the contracts if Sundance was truly the responsible party. In sum, and at the very least, there existed a material issue of fact regarding the identity of the contractual obligors, and because one existed, the trial court could not enter summary judgment for Ole Brook as a matter of law.

Accordingly, the final summary judgment is reversed and the cause is remanded.


Brian Quinn
Chief Justice

4