**MADISONVILLE STATE BANK, Appellant,**

v.

**CANTERBURY, STUBER, ELDER, GOOCH & SURRATT, P.C., Appellee.**

No. 05–05–01156–CV.

Court of Appeals of Texas, Dallas.

Oct. 25, 2006.

Stephen Sakonchick, II, Austin, for Appellant.

Charles W. Stuber, Canterbury, Stuber, Elder, Gooch & Surratt, P.C., Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and RICHTER.

## OPINION

Opinion By Justice WHITTINGTON.

The Court has before it Canterbury, Stuber, Elder, Gooch & Surratt, P.C.'s motion for rehearing. We grant the motion for rehearing. We withdraw our August 16, 2006 opinion and judgment. This is now the opinion of this Court.

MSB appeals the trial court's summary judgment in favor of the law firm of Canterbury, Stuber, Elder, Gooch & Surratt, P.C. In three issues, MSB contends the trial judge erred in denying its motion to transfer venue, granting the Firm's motion for summary judgment, and denying MSB's motion for summary judgment. For the reasons that follow, we reverse the trial court's judgment and remand this cause to the trial court.

In November 2001, MSB advanced an $8.0 million line of credit to Pate & Pate Enterprises that was secured by Pate's accounts receivable, inventory, chattel, documents, and equipment. During 2001 and 2002, the Firm represented Pate and billed the company for its services. In July, August, and October of 2002, Pate paid the Firm three checks totaling $ 59,-424.82 from an account at First State Bank Huntsville.

In May 2004, MSB sent the Firm a letter, informing the Firm that the amounts paid to it by Pate were not authorized by MSB and, therefore, "constituted the conversion, fraudulent transfer and/or improper use" of the funds. MSB demanded the Firm return the funds Pate had paid it. In response, the Firm filed an original petition, seeking declaratory judgment that it was under no duty or obligation to return any fees paid by Pate. MSB filed a motion to transfer venue, and subject to the motion, its original answer. The Firm filed an amended petition, including Pate as a defendant. After the motion to transfer venue was denied, the Firm filed a motion for summary judgment. MSB responded and also filed a motion for summary judgment. The trial judge granted the Firm's motion and denied MSB's motion. This appeal ensued.

### Venue

In its first issue, MSB alleges the Firm failed to support venue in Dallas County with prima facie proof. Under this issue, MSB contends that because the Firm failed to make prima facie proof of its venue claims, the trial judge should have transferred venue to Madison County. In response, the Firm alleges MSB did not specifically deny the venue facts as required by Texas Rule of Civil Procedure 87(3)(a) and that its three pleadings on file at the time of the hearing "properly pleaded facts to establish venue in Dallas County."

In reviewing a venue decision, the appellate court must conduct an independent review of the entire record, including the trial on the merits if applicable, to determine whether any probative evidence supports the trial judge's venue decision. TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 2002); *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 677 (Tex.App.-Austin 2003, no pet.); *see Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 261 (Tex.1994). We review the evidentiary record in the light most favorable to the venue ruling; however, no deference is given to the trial judge's application of the law. *Chiriboga*, 96 S.W.3d at 677–78 (citing *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex.1993)). If there is any probative evidence in the entire record that venue was proper, we must uphold the trial judge's ruling. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 471 (Tex.1995); *Ruiz*, 868 S.W.2d at 758.

■ The plaintiff, by filing a lawsuit, is given the first choice regarding venue. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex.1999); *see Wilson*, 886 S.W.2d at 260. If the plaintiff establishes proper venue against one defendant, the trial court has "venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series or transactions or occurrences." TEX. CIV. PRAC. & REM.CODE ANN. § 15.005 (Vernon 2002).

■ In its May 26, 2004 original petition against MSB, the Firm alleged, "Venue is proper in Dallas County, Texas because it is the county where all or a substantial part of the events giving rise to this claim occurred." MSB filed a motion for venue transfer, claiming "[d]efendant denies that all or a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in Dallas County, but rather occurred in Montgomery and Madison Counties." On July 12, 2004, the Firm filed its original petition against Pate, seeking indemnity from Pate if MSB prevailed in the declaratory judgment case. Thereafter, the Firm filed its "First Amended Original Petition Against [Pate]." In this amended pleading, the Firm named both MSB and Pate as defendants and stated venue was proper because (i) the Firm provided legal services for and at the request of Pate during 2001 and part of 2002; (ii) during that time, "nearly all of the legal work performed by" the Firm was performed at the Firm's offices in Dallas County; (iii) the payments due the Firm from Pate were due and payable at the Firm's offices in Dallas County; (iv) the funds were received in Dallas County; and (v) the funds were deposited into the firm's bank account which is located in Dallas County. These pleadings establish venue is proper in Dallas County as to Pate. Because the Firm established proper venue as to Pate, the trial court had venue with respect to MSB—a defendant in a claim or action "arising out of the same transaction, occurrence, or series or transactions or occurrences." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.005. We conclude the trial judge did not err in denying the motion to transfer venue. We overrule MSB's first issue.

## Summary Judgment

■ In its second and third issues, MSB claims the trial judge erred in granting the Firm's motion for summary judgment and denying MSB's motion for summary judgment. The standard of review in a traditional summary judgment case is well-established. *Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 836 (Tex.App.-Dallas 2005, no pet.); *Orozco v. Dallas Morning News, Inc.*, 975 S.W.2d 392, 394 (Tex.App.-Dallas 1998, no pet.); *see Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). On cross-motions for summary judgment, each party bears the burden of establishing it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex.2000); *see* TEX.R. CIV. P. 166a(c); *Shoberg v. Shoberg*, 830 S.W.2d 149, 151–52 (Tex.App.-Houston [14th Dist.] 1992, no writ) (when both plaintiff and defendant move for summary judgment, each must carry its own burden to conclusively prove all elements of cause of action as matter of law). When one party's motion for summary judgment is granted and the other party's motion is denied, we determine all questions presented to the trial court; we may "reverse the trial court judgment and render such judgment as the trial court should have rendered, including rendering judgment for the other movant." *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). Thus, we review the summary judgment evidence presented by both parties, determine all questions presented, and render the judgment that the trial court should

have rendered or remand the cause if neither party has met its summary judgment burden. *City of Garland,* 22 S.W.3d at 356; *Al's Formal Wear of Houston, Inc. v. Sun,* 869 S.W.2d 442, 444 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

The Firm moved for summary judgment on a single ground—that under section 9.332 of the Texas Business and Commerce Code, the Firm took the funds paid by Pate from an account at First State Bank Huntsville free and clear of any security interest MSB had in the account. The Firm claims there are no genuine issues of material fact and that it proved all essential elements as a matter of law. We cannot agree.

Section 9.332 of the business and commerce code provides

> (b) A transferee of funds from a deposit account takes the funds free of a security interest in the deposit account unless the transferee acts in collusion with the debtor in violating the rights of a secured party.

TEX. BUS. & COM.CODE ANN. § 9.332 (Vernon 2002). The Uniform Commercial Code Comment accompanying section 9.332 provides the following example:

> **Example 1:** Debtor maintains a deposit account with Bank A. *The deposit account is subject to a perfected security interest in favor of Lender.* Debtor draws a check on the account, payable to Payee. Inasmuch as the check is not the proceeds of the deposit account (it is an order to pay funds from the deposit account), Lender's security interest in the deposit account does not give rise to a security interest in the check. Payee deposits the check into its own deposit account, and Bank A pays it. Unless Payee acted in collusion with Debtor in violating Lender's rights, Payee takes the funds (the credits running in favor of Payee) free of Lender's security inter-

est. This is true regardless of whether Payee is a holder in due course of the check and even if Payee gave no value for the check.

*See* TEX. BUS. & COM.CODE ANN. § 9.332 cmt 2 (emphasis added). The Firm argues its situation is similar to this example because Pate, the debtor, drew a check on an account at First State Bank Huntsville, "in which MSB claims to have perfected a security interest." In response, MSB denies that it had a security interest in the deposit account; rather, it contends it had a security interest in certain of Pate's assets, the proceeds of which were deposited in the deposit account at First State Bank Huntsville.

The Texas Business and Commerce Code provides that a security interest in a deposit account may be "perfected by control" under section 9.104. TEX. BUS. & COM.CODE ANN. § 9.314(a) (Vernon Supp. 2006). Section 9.104 provides the limited circumstances in which a secured party has control of a deposit account. *See* TEX. BUS. & COM.CODE ANN. § 9.104 (Vernon 2002). The summary judgment record, however, does not contain evidence showing MSB had control, i.e, a perfected security interest, in Pate's deposit account at First State Bank Huntsville. Because there is no summary judgment evidence establishing that MSB had perfected a security interest, the Firm failed to establish as a matter of law that section 9.332 governed this situation. As previously noted, the Firm presented no other ground for summary judgment in its motion. Therefore, the trial judge erred in granting the Firm's motion for summary judgment. We sustain MSB's second issue.

Having concluded the trial judge erroneously granted the Firm's motion for summary judgment, we must now address whether MSB's motion for summary judg-

ment should have been granted. *See Jones,* 745 S.W.2d at 900.

The issue on appeal is whether MSB, as movant, established its "entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of [its] cause of action or defense as a matter of law." *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). To meet this burden, MSB's motion "must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone." *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997) (citing *McConnell v. Southside Indep. Sch. Dist,* 858 S.W.2d 337, 341 (Tex.1993)). In determining whether grounds are expressly presented, the reviewing court may not rely on briefs filed in support of a motion for summary judgment or summary judgment evidence. *Science Spectrum,* 941 S.W.2d at 912; *McConnell,* 858 S.W.2d at 341. Only after determining that the grounds have been expressly presented do we then consider whether MSB established its entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of its causes of action as a matter of law.

In its motion for summary judgment, MSB does not set forth the grounds upon which the motion is based. Nor does the motion discuss the elements of the theories raised or cite any authority in support of MSB's claims for relief. Rather, the motion details the voluminous evidence in support of MSB's motion and ends with the conclusory statement:

Therefore, as a matter of law, the $ 59,424.82 represented by the Checks, was taken by [the Firm] subject to MSB's security interest, [the Firm] has converted the $ 59,424.82 by failing to turn it over to MSB on demand, and MSB is entitled to judgment against [the Firm] for the $ 59,424.82.

In this case, the grounds for summary judgment are not expressly presented in MSB's motion. Therefore, the motion is "legally insufficient as a matter of law." *See McConnell,* 858 S.W.2d at 342; *see also Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 204 (Tex.2002) (holding that a "court cannot grant summary judgment on grounds that were not presented."). In light of this, we cannot conclude the trial judge erred in denying MSB's motion for summary judgment. *See Science Spectrum,* 941 S.W.2d at 912 (holding that Science Spectrum not entitled to summary judgment on claim because it did not raise ground in motion for summary judgment). We overrule MSB's third issue.

### Conclusion

Because the Firm established proper venue as to Pate, the trial court had venue with respect to MSB. Therefore, the trial judge did not err in denying the motion to transfer venue. We overrule MSB's first issue.

With respect to the Firm's motion for summary judgment, the Firm failed to establish as a matter of law that section 9.332 governed this situation. Because that was the Firm's sole ground for summary judgment, we conclude the trial judge erred in granting the Firm's motion for summary judgment. We sustain MSB's second issue.

Having concluded the Firm was not entitled to summary judgment as a matter of law, we then examined MSB's cross-motion for summary judgment. MSB's motion, however, was legally insufficient as a matter of law and, therefore, we conclude MSB was not entitled to summary judg-

ment. We overrule MSB's third and final issue.

We reverse the trial court's judgment granting the Firm summary judgment and remand this cause to the trial court for further proceedings consistent with this opinion.