

# NUMBER 13-14-00560-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

COASTAL MOTORCARS, LTD. D/B/A
BMW OF CORPUS CHRISTI,                                    Appellant,

v.

MARY LOU BROWN AND
MARY ALICE GARCIA,                                        Appellees.

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria**
**Memorandum Opinion by Justice Rodriguez**

Appellant Coastal Motorcars, Ltd., formerly d/b/a BMW of Corpus Christi (Coastal

Motorcars), appeals the summary judgment granted by the 214th District Court in favor

of appellees Mary Lou Brown and Mary Alice Garcia.   We reverse and remand.

## I. BACKGROUND

On October 19, 2011, Brown purchased a 2008 BMW 528i vehicle from Coastal Motorcars intended for Garcia's exclusive use. Garcia alleges that she experienced problems with the vehicle shortly after the purchase. Appellees claim they discovered the vehicle had been in a prior accident which, they allege, was not disclosed by Coastal Motorcars when Brown purchased the vehicle. Appellees allege that Coastal Motorcars refused their request to replace the vehicle with a similar vehicle and that other dealerships refused to take the vehicle as a trade-in for another vehicle.

Appellees sued Coastal Motorcars on February 5, 2013. Coastal Motorcars retained counsel and answered the suit. On May 27, 2014, Coastal Motorcars' counsel filed a motion to withdraw in which he represented to the trial court that Coastal Motorcars received notice of his intent to withdraw and opposed it and provided Coastal Motorcars' address to the trial court. Appellees represented to the trial court that they would wait at least two weeks before setting pending motions for hearing to allow Coastal Motorcars to retain new counsel. The trial court granted counsel's motion to withdraw on May 28, 2014.

Nine days later, on June 6, 2014, appellees filed a motion for summary judgment and set a hearing on the motion for July 1, 2014. Appellees sent the motion and the notice of hearing to Coastal Motorcars via the address provided by its former attorney at the hearing on the motion to withdraw. On June 17, 2014, the postal service returned the undelivered motion and hearing notice to appellees' counsel. Despite their knowledge that Coastal Motorcars had not received their motion for summary judgment

or notice of the hearing, appellees went forward with the summary judgment hearing on July 1, 2014. A representative for Coastal Motorcars did not attend the hearing and Coastal Motorcars did not file a response to appellees' motion for summary judgment. The trial court granted appellees' unopposed motion for summary judgment without specifying the basis for its ruling. Upon receiving the judgment against Coastal Motorcars, appellees' counsel emailed it to Coastal Motorcars' representative.[1]

Coastal Motorcars retained new counsel and filed a motion for new trial, explaining to the trial court that it neither received a copy of appellees' motion for summary judgment, nor a copy of the notice of the summary judgment hearing. The trial court initially granted Coastal Motorcars' motion for new trial, but later withdrew its order. This appeal followed.

## II.    SUFFICIENCY OF APPELLEES' MOTION FOR SUMMARY JUDGMENT

By its first issue, Coastal Motorcars contends that the trial court erred when it granted appellees' unopposed motion for summary judgment because the motion was legally deficient. Specifically, Coastal Motorcars argues that appellees' motion failed to address the elements of their causes of action and failed to demonstrate how the attached evidence satisfied the elements of their causes of action, including the amount of the requested damages. Appellees respond that their motion complied with the rules and provided fair notice of the grounds upon which judgment was sought. We agree with Coastal Motorcars.

---

[1] Appellees did not email Coastal Motorcars' representative a copy of the motion for summary judgment or a notice of the summary judgment hearing.

### A. Standard of Review & Applicable Law

We utilize a de novo standard in reviewing the trial court's granting of a traditional motion for summary judgment. *See Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003); *Branton v. Wood,* 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi 2003, no pet.). The movant has the burden of showing that there is no genuine material fact issue and that it is entitled to judgment as a matter of law. *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002). "In reviewing a summary judgment, we consider all grounds presented to the trial court and preserved on appeal in the interest of judicial economy." *Diversicare General Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex. 2005).

A traditional motion for summary judgment must specifically state the grounds on which the summary judgment is sought. *See* TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 343 (Tex. 1993). The grounds stated must be sufficiently specific to give the non-movant fair notice of the claim on which judgment is sought. *See* TEX. R. CIV. P. 166a(c); *McConnell,* 858 S.W.2d at 343. When the movant, the plaintiff in this case, bears the burden of proof and files a motion for summary judgment based on summary judgment evidence, the trial court can only grant the motion when the movant's evidence conclusively establishes each element of its claim. *See, e.g., Grant,* 73 S.W.3d at 215; *Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 511 (Tex. 1995). We "cannot read between the lines, infer or glean from the pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court in the motion for summary judgement." *McConnell,* 858

4

S.W.2d at 343 (internal quotations omitted).

"In determining whether the grounds are expressly presented [in the motion], reliance may not be placed on . . . the summary judgment evidence." *McConnell*, 858 S.W.2d at 341; *see also Bank of Am., N.A. v. Eisenhaur,* No. 13-09-00004-CV, 2010 WL 2784031, at *3 (Tex. App.—Corpus Christi July 15, 2010, no pet.) (mem. op.). Instead, the movant must identify the elements of the causes of action and conclusively show that all elements are satisfied.[2] *Madisonville State Bank v. Canterbury, Stuber, Elder, Gooch & Surratt, P.C.,* 209 S.W.3d 254, 259 (Tex. App.—Dallas 2006, no pet.) (op. on reh'g) (noting that the movants failed to set forth the grounds on which the motion was based and failed to discuss the elements of the theories raised or cite any authority in support of the claimed relief); *see also Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002).

When examining the legal sufficiency of a plaintiff's motion for summary judgment, we determine if the motion conclusively established the movant's right to recover such that the burden of production shifted to the non-movant to respond. *See, e.g., City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). If the movant failed to conclusively establish each element of its cause of action, the burden does not

---

[2] Even when ruling on a motion for summary judgment in which no response has been filed, the trial court must still make every reasonable inference in favor of the non-movant and resolve doubts about the existence of a genuine issue of material fact against the movant. *See, e.g., Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) (recognizing the movant's burden of proof when asserting a traditional motion for summary judgment). A non-movant is not required to respond to a motion for summary judgment in order for the motion to be denied. *See Cove Invs., Inc. v. Manges,* 602 S.W.2d 512, 516–17 (Tex. 1980). Instead, when no response is filed, we will uphold the grant of summary judgment on appeal only if the motion and evidence are legally sufficient. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

shift to the non-movant, and the grant of summary judgment is reversible.[3]  *See McConnell,* 924 S.W.2d at 342–43*.*  "[S]ummary judgments must stand or fall on their own merits. . . ."  *Id.* at 342.

## B.    Discussion

Appellees moved for summary judgment on claims for which they bore the burden of proof—they were therefore required to conclusively establish each element of at least one cause of action they claim entitles them to relief.  *See Madisonville State Bank,* 209 S.W.3d at 259; *e.g., Park Place Hosp.,* 909 S.W.2d at 511.  Appellees filed a six-page motion for summary judgment that can be functionally divided into four sections:  (1) a section describing the procedural posture of the case; (2) a recitation of appellees' background facts[4]; (3) a summary of the evidence attached in support of appellees' motion for summary judgment; and (4) the "relief requested" section.[5]  The motion did not identify the elements of any of the causes of action, and appellees did not apply the law to the facts to establish their entitlement to summary judgment.  Despite appellees' failure to identify the elements of their cause of action and demonstrate that their evidence conclusively established each essential element, appellees allege that their motion for

---

[3] Appellees incorrectly cite to the no-evidence motion for summary judgment standard when they assert that the issue on appeal is whether any evidence was produced in support of their claims.

[4] Appellees label the section in which they list their background facts the "Background & Basis for Summary Judgment."

[5] Appellees listed sixteen causes of action upon which they alleged a right of recovery, including: "violations of the DTPA, breach of contract, fraud, unconscionability, conversion, negligence, negligent misrepresentation, gross negligence, common law fraud and fraud by non-disclosure, quantum meruit, quasi contract, assumpsit, detrimental reliance, promissory estoppel, unjust enrichment, and money had and received."

6

summary judgment was sufficient to give Coastal Motorcars "fair notice" of the claims alleged against it.

Appellees' motion for summary judgment is similar to the one addressed by the Dallas Court of Appeals in *Madisonville State Bank.* *See* 209 S.W.3d. at 259. In that case, the court reviewed the movant's motion for summary judgment and stated the following:

> In its motion for summary judgment, MSB [movant] does not set forth the grounds upon which the motion is based. Nor does the motion discuss the elements of the theories raised or cite any authority in support of MSB's claims for relief. Rather the motion details the voluminous evidence in support of MSB's motion and ends with the conclusory statement:
>
> > "Therefore, as a matter of law, the $59,424.82 represented by the Checks, was taken by the Firm subject to MSB's security interest, the Firm has converted the $59,424.82 by failing to turn it over to MSB on demand, and MSB is entitled to judgment against the Firm for the $59,424.82."

*Id.* at 259. The court went on to hold that the motion for summary judgment was legally insufficient as a matter of law. *See id.*

Like the movant in *Madisonville State Bank,* appellees did not identify the elements of the causes of action upon which they sought a judgment. They also failed to provide argument, authority, or discussion to show how they conclusively established their claims as a matter of law. *See id.* Appellees' motion for summary judgment therefore did not identify the grounds for summary judgment and failed to provide "fair notice" to Coastal Motorcars. *See id.*; *see also McConnell,* 924 S.W.2d at 342–43.

Neither the trial court nor this Court is required to "read between the lines, infer or glean from the pleadings or the proof any grounds for granting the summary judgment

7

other than those grounds expressly set forth . . . in the motion for summary judgement." *See McConnell,* 924 S.W.2d at 342–43; *Madisonville State Bank,* 209 S.W.3d at 259. Because appellees' motion did not comply with rule 166a(c), it is legally insufficient as a matter of law. We sustain Coastal Motorcars' first issue.[6]

## III. CONCLUSION

We reverse the trial court's judgment and remand for further proceedings in accordance with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
29th day of October, 2015.

---

[6] Because our resolution of Coastal Motorcars' first issue is dispositive, we decline to reach Coastal Motorcars' other issues on appeal. *See* TEX. R. APP. P. 47.1